TIC ENERGY AND CHEMICAL,
INC., Petitioner,

v.

Kevin Bradford MARTIN, Respondent

NO. 15–0143

Supreme Court of Texas.

Argued February 9, 2016

Opinion delivered: June 3, 2016

Rehearing Denied September 23, 2016

James T. Sunosky, Randy G. Donato, Daniel A. Ray, Donato, Minx, Brown & Pool, P.C., Houston TX, for Petitioner.

James Cole, Justin L. Williams, Cole Easley Sciba & Williams, P.C., Victoria TX, for Respondent.

Russell S. Post, Beck Redden LLP, Houston TX, George S. Christian, Texas Civil Justice League, Austin TX, Jeffrey Blake Simon, Simon Eddins & Greenstone LLP, Dallas TX, for Amicus Curiae parties.

JUSTICE GUZMAN delivered the opinion of the Court.

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer or an ... employee of the employer."[1] The issue in this personal-injury case is whether a subcontractor is entitled to the exclusive-remedy defense as a fellow employee of the general contractor's employees by virtue of the general contractor's written agreement to provide workers' compensation insurance to the subcontractor.[2] Under section 406.122(b) of the Labor Code, a subcontractor is not an employee of the general contractor if the subcontractor (1) is operating as an independent contractor and (2) has agreed in writing to assume the responsibilities of an employer for the performance of the work.[3] However, section 406.123 of the Labor Code expressly confers statutory-employer status on general contractors who provide workers' compensation insurance to their subcontractors pursuant to a

---

1. Tex. Lab. Code § 408.001(a).

2. In this opinion, all references to "subcontractor" include the subcontractor's employees.

3. *Id.* § 406.122(b).

written agreement.[4] This case involves a written agreement that ostensibly meets the terms of both sections.

The trial court denied the subcontractor's summary-judgment motion asserting the exclusive-remedy defense, and in a permissive interlocutory appeal, the court of appeals affirmed.[5] The court determined, *sua sponte*, that an irreconcilable conflict exists between sections 406.122(b) and 406.123 and held the subcontractor failed to conclusively establish section 406.122(b) does not apply.[6] We hold section 406.122(b) is a general rule and 406.123 is a permissive exception. Because the summary-judgment record establishes the general contractor is the subcontractor's statutory employer under section 406.123, the subcontractor is the general contractor's deemed employee for purposes of the exclusive-remedy defense. We therefore reverse the court of appeals' judgment and render judgment for the subcontractor.

## I. Factual and Procedural Background

Union Carbide Corporation employed Kevin Martin at its facility in Seadrift, Texas. Martin lost one of his legs in a workplace accident and recovered workers' compensation benefits through an owner-controlled insurance program (OCIP) administered by Union Carbide's parent company, Dow Chemical Company.[7] Martin subsequently sued TIC Energy & Chemical, Inc., a subcontractor providing maintenance services at the Seadrift facility, alleging TIC's employees negligently caused his injury.

TIC filed a traditional motion for summary judgment based on the Workers' Compensation Act's exclusive-remedy provision.[8] TIC claimed the statutory defense as Martin's deemed fellow employee based on section 406.123 of the Labor Code, which deems a general contractor the statutory employer of a subcontractor and its employees when the general contractor agrees in writing to provide workers' compensation insurance to the subcontractor.[9] TIC produced evidence of a written agreement with Union Carbide that extended workers' compensation insurance coverage under the OCIP to TIC and its employees, with the cost of coverage premiums excluded from TIC's bid.

In response, Martin argued the exclusive-remedy provision does not apply be-

---

**4.** *Id.* § 406.123(a), (e).

**5.** 488 S.W.3d. 344 (Tex.App.–Corpus Christi 2015).

**6.** *Id.* at 349.

**7.** An OCIP is designed to secure insurance, including workers' compensation insurance, at a reasonable price for all workers at a job site or construction site. *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 359–60 & n. 6 (Tex. 2009). OCIPs provide many benefits, including "allow[ing] the highest-tiered entity to ensure quality and uninterrupted coverage to the lowest-tiered employees." *Id.* at 359; *see generally Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 814 A.2d 989, 991 n. 1 (Me.2003) ("The State uses OCIPs to save costs, secure better cover-age, and have better safety programs. If a construction project does not have an OCIP, then each contractor and subcontractor has to procure its own insurance and the higher cost of the insurance is passed on to the State."); *Indep. Ins. Agents of Okla., Inc. v. Okla. Turnpike Auth.*, 876 P.2d 675, 676 (Okla.1994) (per curiam) ("Not only is a typical OCIP designed to reduce the cost of insurance premiums, it allows for a coordinated risk management and safety program for workers and visitors to the construction site. An OCIP also provides for insurance premium rebates to the policy owner for good construction safety records.").

**8.** TEX. LAB. CODE § 408.001(a).

**9.** *Id.* § 406.123(a), (e).

cause TIC was an independent contractor and had entered into a written contract with Union Carbide under which TIC "assume[d] the responsibilities of an employer for the performance of work."[10] Section 406.122(b) of the Labor Code provides that, in such circumstances, "[a] subcontractor and the subcontractor's employees are not employees of the general contractor" for purposes of subtitle A of the Workers' Compensation Act.[11] Martin maintained that section 406.122(b) is an exception to section 406.123 or, in the alternative, section 406.123 merely permits subcontractors to receive workers' compensation benefits under a general contractor's insurance policy and entitles the general contractor to statutory protection as an "employer," but does not make the subcontractor an "employee" of the general contractor for workers' compensation purposes.

Martin argued TIC's status as an "employee" is controlled by section 406.122(b) based on TIC's contract with Union Carbide, which makes TIC responsible for (1) adequately supervising TIC's employees, (2) ensuring TIC's employees follow work-site rules and regulations, (3) maintaining acceptable safety performance, and (4) investigating work-site incidents. According to Martin, the agreement disclaims any intent to make Union Carbide TIC's statutory employer based on the existence of a provision in the agreement designating Union Carbide as the "statutory employer" for contractors providing services in Louisiana and Michigan and the absence of a similar clause for Texas workers. TIC did not cite or discuss section 406.122(b), arguing instead that section 406.123 is dispositive.

The trial court denied TIC's summary-judgment motion, but authorized a permissive interlocutory appeal, which the court of appeals granted.[12] On appeal, the court concluded sections 406.122 and 406.123 "irreconcilably conflict" because "section 406.123(e) unambiguously states that the general contractor is deemed the 'employer' of the subcontractor for [workers' compensation] purposes, but section 406.122(b) unambiguously states that the subcontractor is *not* deemed an 'employee' of the general contractor for [workers' compensation] purposes."[13] The court did not substantively address the conflict, however, because "neither party argued, at the trial court or on appeal, that the statutes conflict; rather, they both argue that one statute applies and the other does not."[14] The court nevertheless affirmed the order denying summary judgment, holding TIC did not conclusively establish its affirmative defense because it failed to negate section 406.122(b)'s applicability.[15]

On appeal, both parties argue the provisions do not conflict and can be harmonized in their respective favor.

## II.  Jurisdiction

■ Our jurisdiction over interlocutory appeals is limited, and in this case, we have jurisdiction only if the lower court's opinion "holds differently" from a decision

---

10. *Id.* § 406.122(b).

11. *Id.* Subtitle A sets forth the bulk of the governing legislation. *Id.* §§ 401.001–419.007. Subtitle B governs workers' compensation discrimination, and subtitle C includes special provisions applicable to a subset of governmental employees. *Id.* §§ 451.001–506.002.

12. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); Tex. R. App. P. 28.3.

13. 488 S.W.3d at 344.

14. *Id.* at 349.

15. *Id.*

of another court of appeals or this Court.[16] Decisions conflict when there is an "inconsistency ... that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants."[17]

TIC argues the lower court's opinion conflicts with *Etie v. Walsh & Albert Co.*,[18] *Garza v. Zachry Construction Corp.*,[19] *Funes v. Eldridge Electric Co.*,[20] and *Becon Construction Co. v. Alonso*,[21] in which the courts held subcontractors covered by section 406.123 were entitled to the exclusive-remedy defense. Martin contends no inconsistency exists because the cited cases were resolved under section 406.123 without substantive discussion of section 406.122(b).

We hold jurisdiction exists based on a conflict with *Garza*, in which an agreement implicating section 406.122(b) was factually at issue and central to the case's disposition. In that case, the general contractor's employee was injured and sued a subcontractor and two of its employees for negligence.[22] The subcontractor invoked the exclusive-remedy defense as a co-employee of the injured worker by means of a section 406.123 agreement.[23] The injured worker argued the subcontractor could not be a deemed co-employee because the sub-contractor (1) was an independent contractor and (2) contractually agreed that its employees were not the general contractor's employees for "any purpose."[24] Although the facts showed the subcontractor contractually assumed the responsibilities of an employer, the court found section 406.123(e) created a statutory employer-employee relationship and, as a result, the subcontractor was entitled to rely on the exclusive-remedy defense.[25] The court of appeals' holding in this case, which requires TIC to prove the absence of an agreement implicating section 406.122(b), creates sufficient uncertainty in the law to confer jurisdiction over this appeal.[26]

## III. Statutory Overview

The Texas Workers' Compensation Act provides reciprocal benefits to subscribing employers and their employees. Covered employees sustaining work-related injuries are guaranteed prompt payment of their medical bills and lost wages without the time, expense, and uncertainty of proving liability under common-law theories.[27] In exchange, the Act prohibits employees from seeking common-law remedies from their employers by making workers' compensation benefits an

---

16. TEX. GOV'T CODE § 22.001(a)(1).

17. *Id.* § 22.001(e).

18. 135 S.W.3d 764 (Tex.App.–Houston [1st Dist.] 2004, pet. denied).

19. 373 S.W.3d 715 (Tex.App.–San Antonio 2012, pet. denied).

20. 270 S.W.3d 666 (Tex.App.–San Antonio 2008, no pet.).

21. 444 S.W.3d 824 (Tex.App.–Beaumont 2014, pet. denied).

22. *Garza*, 373 S.W.3d at 717.

23. *Id.* at 718.

24. *Id.* at 718, 720.

25. *Id.* at 721.

26. After oral argument in this case, the Ninth Court of Appeals issued *Palmer v. Newtron Beaumont, L.L.C.*, in which the court found no conflict between sections 406.122(b) and 406.123 and held the latter is a specific exception to the general rule stated in the former. No. 09–15–00248–CV, 2016 WL 637926, at *3 (Tex.App.–Beaumont Feb. 18, 2016, pet. filed). *Palmer* confirms the uncertainty of the law as applied to agreements falling within the scope of both sections.

27. *HCBeck, Ltd.*, 284 S.W.3d at 350.

injured employee's exclusive remedy.[28] The exclusive-remedy defense extends to the employer's servants, meaning covered employees secure additional benefits under the Act in the form of protection from personal-injury claims by co-workers.[29] The issue in this case is the extent to which statutory benefits and protections afforded to a subscribing general contractor and its employees may be shared with subcontractors and their employees.

Section 406.122 of the Labor Code provides:

(a) For purposes of workers' compensation insurance coverage, a person who performs work or provides a service for a general contractor or motor carrier who is an employer[ [30]] under this subtitle is an employee of that general contractor or motor carrier, unless the person is:

(1) operating as an independent contractor; or

(2) hired to perform the work or provide the service as an employee of a person operating as an independent contractor.

(b) A subcontractor and the subcontractor's employees *are not employees of the general contractor* for purposes of this subtitle if the subcontractor:

(1) is operating as an independent contractor; and

(2) has entered into a written agreement with the general contractor that evidences a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work.[31]

Section 406.122(a) thus deems all persons providing work or services for a general contractor to be employees of the general contractor[32] except for independent contractors[33] and their employees. Section 406.122(b), on the other hand, affirmatively excludes subcontractors[34] and their employees as the general contractor's employees on the terms stated. Thus, if sec-

---

28. *See* Tex. Lab. Code § 408.001(a).

29. *See id.*

30. " 'Employer' means, unless otherwise specified, a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage. The term includes a governmental entity that self-insures, either individually or collectively." *Id.* § 401.011(18).

31. *Id.* § 406.122(a), (b) (emphasis added).

32. " 'General contractor' means a person who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors. The term includes a 'principal contractor,' 'original contractor,' 'prime contractor,' or other analogous term. The term does not include a motor carrier that provides a transportation service through the use of an owner operator." *Id.* § 406.121(1).

33. " 'Independent contractor' means a person who contracts to perform work or provide a service for the benefit of another and who ordinarily:

(A) acts as the employer of any employee of the contractor by paying wages, directing activities, and performing other similar functions characteristic of an employer-employee relationship;

(B) is free to determine the manner in which the work or service is performed, including the hours of labor or method of payment to any employee;

(C) is required to furnish or to have employees, if any, furnish necessary tools, supplies, or materials to perform the work or service; and

(D) possesses the skills required for the specific work or service."

*Id.* § 406.121(2).

34. " 'Subcontractor' means a person who contracts with a general contractor to perform all or part of the work or services that the general contractor has undertaken to perform." *Id.* § 406.121(5).

tion 406.122(b) applies, there is no employer-employee relationship between a general contractor and a subcontractor for workers' compensation purposes and no reciprocity of protection.

In the next successive statutory provision, section 406.123 of the Labor Code provides:

> (a) A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor.
>
> . . . .
>
> (e) An agreement under this section makes the general contractor the employer of the subcontractor and the subcontractor's employees only for purposes of the workers' compensation laws of this state.[35]

■ In *HCBeck, Ltd. v. Rice*, we explained that a "general contractor who has, pursuant to a written agreement, purchased a workers' compensation insurance policy covering its subcontractors and its subcontractors' employees ... becomes the statutory employer of its subcontractor's employees, and is thus entitled to the benefits conferred on employers by the Act." [36] Furthermore, because a contractor can " 'provide[ ]' workers' compensation, even when it has not purchased the insurance directly, ... multiple tiers of subcontractors [thereby] qualify as statutory em-

ployers entitled to the exclusive-remedy defense." [37] "Such a scheme," we observed, "seems consistent with the benefits offered by controlled insurance programs, which are designed to minimize the risk that the subcontractors' employees will be left uncovered." [38] We further explained that a construction and application of section 406.123 that "favors blanket coverage to all workers on a site" accords with legislative intent and the "Legislature's 'decided bias' for coverage." [39]

In this case, the summary-judgment record conclusively establishes that Union Carbide and TIC had an agreement complying with section 406.123, and for purposes of this appeal, TIC does not dispute it was engaged as an independent contractor for Union Carbide under an agreement meeting the criteria specified in section 406.122(b). The sole matter in dispute is the legal effect sections 406.122(b) and 406.123 have when agreements meeting the terms of both govern the general contractor and subcontractor relationship.

## IV. Discussion

■ The proper construction of a statute presents a question of law that we review de novo.[40] Our objective is to ascertain and give effect to the Legislature's intent as expressed in the statute's language.[41] In doing so, we consider the statute as a whole, giving effect to each provision so that none is rendered meaningless or mere surplusage.[42] When text

---

**35.** *Id.* § 406.123(a), (e).

**36.** 284 S.W.3d at 354.

**37.** *Id.* at 359.

**38.** *Id.*

**39.** *Id.* at 358–59 (quoting *Wingfoot Enters. v. Alvarado,* 111 S.W.3d 134, 140, 142 (Tex. 2003)).

**40.** *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006).

**41.** *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003).

**42.** *Id.; cf. Lufkin v. City of Galveston,* 63 Tex. 437, 439 (1885) (only by interpreting the broader edict as a general rule and the more limited edict as an exception could the Court give meaning to two provisions in seeming

is clear and unambiguous, it is determinative of intent.[43] Applying well-established statutory-construction principles, we discern no ambiguity in the relevant statutory provisions and the parties do not assert otherwise; we therefore construe it according to its plain language as informed by the statutory context without resorting to canons of construction and extrinsic aids.[44]

Consistent with the statute's structure, TIC contends section 406.122 presents a general rule to which section 406.123 provides a permissive exception. As TIC notes, (1) both sections are included in the subchapter entitled "Coverage of Certain Independent Contractors," indicating statutory intent to define the circumstances in which independent contractors are covered; (2) section 406.122 is entitled "Status of Employee"; and (3) section 406.123, which immediately follows, authorizes an "Election to Provide Coverage." TIC further urges its construction is aligned with legislative intent, because reading section 406.123 as an exception to the exclusion in section 406.122(b) results in comprehensive coverage of workers at a single site in pursuit of a common objective and, therefore, extends the Workers' Compensation Act's benefits and protections both vertically and horizontally among multiple tiers of contractors that may be working side-by-side at a job site.[45] This, TIC argues, is also consistent with our observation that an injured employee may have more than one employer entitled to claim the exclusivity defense.[46]

■ The structure of the subchapter in which sections 406.122 and 406.123 reside is instructive in determining which provision controls when both sections' requirements are met. Notably, section 406.122 precedes section 406.123, and typically, a general rule is iterated before its exceptions, not after. Further, though a statutory heading does not limit or expand a statute's meaning,[47] the heading can inform the inquiry into the Legislature's intent.[48] The headings here confirm a rule/exception model, rather than the opposite.

■ Section 406.122 defines the employment relationship between the general contractor and those laboring in service of a general contractor. Section 406.122(a) identifies those who are deemed to be a

conflict); *cf. also Howard Oil Co. v. Davis*, 76 Tex. 630, 13 S.W. 665, 666 (1890) (same).

**43.** *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009).

**44.** *See Shumake*, 199 S.W.3d at 284.

**45.** *See HCBeck*, 284 S.W.3d at 359 (because a contractor can " 'provide[ ]' workers' compensation, even when it has not purchased the insurance directly, ... multiple tiers of subcontractors [thereby] qualify as statutory employers entitled to the exclusive remedy defense"); *Entergy Gulf States*, 282 S.W.3d at 436–38 (premises owner can be a general contractor and thus entitled to the exclusive-remedy defense by virtue of an agreement complying with section 406.123); *Funes*, 270 S.W.3d at 670–72 (subcontractor entitled to exclusive-remedy defense against claims by another subcontractor's employee); *Etie*, 135 S.W.3d at 765, 768 (holding that "the statutory employer/employee relationship extends throughout all tiers of subcontractors and that all covered employees are fellow servants who are equally entitled to workers' compensation benefits and equally immune from suit"); *Garza*, 373 S.W.3d at 721 (subcontractor and its employees are deemed fellow employees of the general contractor's employees and, therefore entitled to exclusive-remedy defense).

**46.** *See Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 134–35 (Tex.2003).

**47.** TEX. GOV'T CODE § 311.024.

**48.** *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307–08 (Tex.2010).

general contractor's employee: any person who performs work or provides services to the general contractor, unless the person is an independent contractor or an employee of an independent contractor. Subcontractors may be independent contractors and vice versa, but the terms are separately defined in the statute, indicating some distinction is intended.[49] Section 406.122(b) affirmatively excludes subcontractors as the general contractor's employees if they are operating as an independent contractor and have a written agreement evidencing the relationship. Section 406.123 in turn provides for an election by which a general contractor may become a statutory employer by agreeing, in writing, to provide workers' compensation insurance to the subcontractor. Taken together, the only plausible reading of the statute is that section 406.122 states a general rule of employment status for workers' compensation purposes and section 406.123 deviates from that rule by creating the fiction of another.

Martin insists that the converse is true. According to Martin, section 406.123 must be read as the general rule and section 406.122 as an exception.[50] Martin and a supporting amicus advance several arguments to support this construction of the statute. None, however, is compelling enough to overcome the natural and logical reading of the statute TIC advocates, which is consistent with the subchapter's structure, section 406.123's purpose, and our precedent.

First, Martin points out that section 406.123 establishes the general contractor as the subcontractor's statutory "employ-

er" but is silent as to the subcontractor's status as an "employee," leaving section 406.122 to fill the gap. That is, a general contractor may be an "employer" under section 406.123, but a subcontractor may not be an "employee" by virtue of section 406.122(b). Attempting to harmonize this view with our precedent, Martin offers a construction of the statute he contends (1) ensures employees at all tiers benefit from insurance coverage and (2) permits general contractors and subcontractors to assert the exclusive-remedy defense against claims by lower-tier subcontractors and their employees, but (3) does not permit lower-tier subcontractors and their employees to assert the exclusive-remedy bar as co-employees of higher-tier contractors and their employees. In other words, lower-tiered employees get some benefits the Workers' Compensation Act offers to employees (prompt payment of claims) but not others (protection from personal-injury claims).

Martin's strained construction runs counter to the statutory text because the exclusive-remedy provision only bars claims by an "employee" against an "employer."[51] If lower-tier subcontractors are not employees, then none of the higher-tier contractors could claim the defense. An interpretation that produces such a consequence is not only contrary to our holding in *HCBeck*, it is also counter to the Workers' Compensation Act's reciprocal-benefit scheme and defies logic.

Martin further contends that interpreting 406.122 as the general rule renders it superfluous because subsection (b) confirms that subcontractors are not employ-

---

**49.** Tex. Lab. Code § 406.121(2) (independent contractor defined), (5) (subcontractor defined).

**50.** An attorney for the appellant in *Palmer v. Newtron Beaumont, L.L.C.*, No. 09–15–00248–V, 2016 WL 637926, at *1 (Tex.App.–Beau-

mont Feb. 18, 2016, pet. filed), filed an amicus brief providing additional arguments to support Martin's construction of the statute.

**51.** Tex. Lab. Code § 408.001.

ees of the general contractor if the subcontractor is an independent contractor but independent contractors and their employees are already excluded as employees of the general contractor under subsection (a).[52] Because the term "independent contractor" is used in both subsections, Martin contends subsection (b) is unnecessary for any purpose other than to create an exception to the statutory employment relationship created in section 406.123(e).

When construing a statute, we must give effect to all its words without treating any statutory language as mere surplusage, if possible.[53] We disagree that subsection (b) is superfluous if section 406.122 is afforded the role TIC advocates, and even if it were, redundancy is not determinative. Indeed, "there are times when redundancies are precisely what the Legislature intended."[54]

The Workers' Compensation Act defines the terms "employee" and "employer" in different ways depending on the context. In subchapter F of chapter 406, section 406.122 provides the applicable definition of employee by reference to the terms "independent contractor" and "subcontractor." Importantly, those terms are separately defined in section 406.121 and not in direct relation to one other;[55] as such, even though the terms may overlap, a reference to one does not necessarily include the other. To the extent of any overlap, defining the employment status of one by use of the other may be "out of an abundance of caution, for emphasis, or both."[56] Even acknowledging the potential for redundancy, however, that circumstance alone is too thin a reed to justify contorting the statute's natural flow and creating disharmony in the application of section 406.123 in multi-tier contractor scenarios.

Finally, Martin complains that extending statutory immunity to subcontractors as fellow employees of higher-tier contractors would confer a benefit without the substantive quid pro quo the Legislature intended. While higher-tier contractors may be said to "provide" insurance to lower-tier contractors under section 406.123, as we held in *HCBeck,* Martin contends the same is not true in reverse. As Martin explains it, coverage provided through TIC to its employees and its subcontractors does not equate to coverage provided from TIC to Union Carbide's employees; in other words, TIC has not "contribut[ed] something of value" to Martin.[57] Martin's argument misses the mark, however, because exclusive-remedy immunity goes both ways. That is, if Union Carbide's employees are co-employees with TIC, Union Carbide's employees enjoy the same statutory immunity that TIC enjoys. Mutual protection from personal-injury claims by those engaged in a common endeavor is

---

52. *Id.* § 406.122(a), (b). Martin also cites to the general definition of "employee" in section 401.012 which defines the word in inclusive terms from which independent contractors and their employees who are "engaged in construction, remodeling, or repair work for the employer at the premises of the employer" are excluded. *Id.* § 401.012(a), (b). But we focus our analysis on section 406.122, which provides the relevant definition of the term.

53. *Shumake,* 199 S.W.3d at 287.

54. *In re Estate of Nash,* 220 S.W.3d 914, 918 (Tex.2007).

55. Tex. Lab. Code § 406.121(2), (5).

56. *In re City of Georgetown,* 53 S.W.3d 328, 336 (Tex.2001).

57. *HCBeck,* 284 S.W.3d at 355 (discussing dissent's position that "provid[ing] insurance" requires "put[ting] something in the pot" or "contribut[ing] something of value for statutory immunity").

valuable and a significant component of the statutory scheme.[58]

Two additional arguments are advanced in the amicus brief. The first extols section 406.122 as an exception because it was enacted after section 406.123. This argument, however, involves a statutory canon of construction we consult only in the event of a conflict.[59] The second characterizes section 406.122 as an "opt out" from the deemed employer status otherwise created by a section 406.123 agreement. This contention is without merit. Section 406.123 permits a purely voluntary election in which the parties "may" reach an agreement that alters the parties' relationship. Parties need not "opt out" to avoid the effects of a permissive statutory arrangement; they may simply decline to make the agreement in the first place. To the extent the amicus suggests that parties might make a section 406.123 agreement but opt out of the statutory employment relationship it creates, we cannot fathom any reason (nor has one been suggested) why a general contractor and a subcontractor would enter an agreement under section 406.123 but disclaim whatever benefits and protections might ensue as a result.

Affording section 406.123 the legal effect dictated by its plain terms and supported by the statutory structure, reciprocal-benefit scheme, and our precedent, we hold TIC is entitled to rely on the Workers' Compensation Act's exclusive-remedy defense as Martin's co-employee.

## V.  Conclusion

We reverse the court of appeals' judgment and render judgment in TIC's favor on its affirmative defense under section 408.001 of the Workers' Compensation Act.

---

58. *Cf. id.* at 350 (workers' compensation scheme provides reciprocal benefits to employer and employees); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 521 (Tex. 1995) (acknowledging the quid pro quo of the workers' compensation scheme the Legislature enacted); *cf. also Entergy Gulf States*, 282 S.W.3d at 444 (stating dissent's construction of section 406.123 as disqualifying the premises owner from being a statutory employer would treat some employees "working side-by-side with the other contractors' employees" differently with respect to remedies even if they were injured in the same accident and, "[u]nless the statute directs such a result, it makes no sense to read the statute in such an unreasonable manner").

59. *See* TEX. GOV'T CODE § 311.025.