**Opinion issued August 20, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00164-CV**

———————————

**IN RE COMMITMENT OF CHRISTOPHER JOSEPH FARRO**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 818810-0101Z**

---

**DISSENT FROM DENIAL OF EN BANC RECONSIDERATION**

The court has denied Christopher Joseph Farro's motion for en banc reconsideration. I respectfully dissent from the court's decision to deny the motion.

The panel that heard this case affirmed the trial court's order civilly committing Farro as a sexually violent predator. *See In re Commitment of Farro*, No. 01-18-00164-CV, 2018 WL 6696567, at *1 (Tex. App.—Houston [1st Dist.]

Dec. 20. 2018, no pet. h.) (mem. op.). In its opinion, the panel applied the two-prong definition of "sexually violent predator" contained in section 841.003(a) of the Health and Safety Code. *Id.* at *10. Under this definition, a person qualifies as a "sexually violent predator" if he is "a repeat sexually violent offender" and he "suffers from a behavioral abnormality" that makes him "likely to engage in a predatory act of sexual violence." *See* TEX. HEALTH & SAFETY CODE §§ 841.002(9), 841.003(a); *see also id.* at § 841.003(b) (defining "repeat sexually violent offender"); *id.* at § 841.002(2), (4) (defining "behavioral abnormality" and "predatory act").

After the panel issued its decision, the Second Court decided *In re Commitment of Stoddard*, No. 02-17-00364-CV, 2019 WL 2292981 (Tex. App.— Fort Worth May 30, 2019, no pet. h.) (mem. op. on reh'g). In *Stoddard*, a divided panel held that section 841.001's plain language limited the category of persons who suffer from a behavioral abnormality making them likely to engage in a predatory act of sexual violence to "a small but extremely dangerous group of sexually violent predators" who are "not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence." TEX. HEALTH & SAFETY CODE § 841.001; *see Stoddard*, 2019 WL 2292981, at *11–12. The Second Court further noted that a civil commitment statute like Chapter 841, which determines "a person's liberty for a practically indefinite length of time based on 'soft' science," might not pass constitutional muster without

2

section 841.001's limitations. *See Stoddard*, 2019 WL 2292981, at \*12 (citing *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997)).

Farro has raised *Stoddard* in conjunction with his motion for en banc reconsideration of the panel's decision. In a letter to the court, he contends that "*Stoddard* supports the claims made in his brief in this case that the evidence is legally and/or factually insufficient to support the jury's verdict." The state has responded in opposition, urging the court to reject *Stoddard*'s statutory analysis.

A prior panel of our court rejected the interpretation of the civil commitment statute that *Stoddard* adopted. *See In re Commitment of Williams*, 539 S.W.3d 429, 437–39 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In *Williams*, the court held that section 841.001 does not limit the definition of "sexually violent predator." *Id.*

*Williams* was incorrectly decided. The panel in the present case consequently applied a definition of "sexually violent predator" that is broader than the one that the civil commitment statute requires us to apply. *Stoddard* states the correct definition of "sexually violent predator" and I therefore would grant Farro's motion for en banc reconsideration in order to overrule *Williams* and remand Farro's case back to the trial court for a new trial applying the correct definition of "sexually violent predator," one that incorporates the limitations imposed by section 841.001.

A contrary interpretation of Chapter 841 reads section 841.001 out of the statute, contrary to established principles of statutory interpretation, which require

us to interpret statutes as a whole so that no part is made meaningless. *See TIC Energy & Chem. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). Nor can section 841.001 be interpreted as having no bearing on the definition of "sexually violent predator" merely because it consists of "Legislative Findings" rather than appearing in the statute's definitions section or in section 841.003(a). *See* TEX. GOV'T CODE § 311.024 (section headings do "not limit or expand the meaning of a statute"); *Fredericksburg Care Co. v. Perez*, 461 S.W.3d 513, 522–25 (Tex. 2015) (looking to legislative findings in interpreting statute's purpose). *Williams*, however, erroneously does so, treating section 841.001 as surplusage.

Moreover, interpreting the civil commitment statute without reference to section 841.001 "risks ripping Chapter 841 from its constitutional foundation" by allowing commitment based solely on a person's prior convictions for sex offenses. *Stoddard*, 2019 WL 2292981, at *12. As the Second Court observed:

> Such a result would present a high risk of injustice by allowing a factfinder to give the State a second bite at the apple after a sex offender has already served his sentence to the extent required by law. And the bite is a tempting one, given that the nature of the underlying offense will necessarily include deplorable acts involving sexually predatory and assaultive behavior. But while perhaps an understandable sentiment, the notion that all sex offenders should be indefinitely confined is not compatible with our system of due process and justice. Permitting the State to extend a sex offender's confinement indefinitely based upon not much more than the facts related to the underlying crime for which he was convicted allows a factfinder to succumb to the temptation to lock up sex offenders and throw away the key. It would allow juries to do in civil cases that which cannot be done in criminal cases—punish twice for the same conduct.

*Id.*

For these reasons, I respectfully dissent from the court's denial of Farro's motion for en banc reconsideration.


Gordon Goodman
Justice

En banc court consists of Chief Justice Radack and Justices Keyes, Higley, Lloyd, Kelly, Goodman, Landau, Hightower, and Countiss