**AFFIRMED and Opinion Filed February 22, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00644-CV

**MURPHY OIL USA, INC. D/B/A MURPHY OIL USA #7350, Appellant**
**V.**
**DONNETTA STEGALL, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-08452**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Murphy Oil USA, Inc. d/b/a Murphy Oil USA #7350 (Murphy Oil) appeals the trial court's judgment in favor of appellee Donnetta Stegall on her claim for premises liability. In a single appellate issue, Murphy Oil argues that (a) the Texas Workers' Compensation Act (the TWCA) bars Stegall's common law claim and limits her recovery to workers' compensation benefits; therefore, (b) the trial court erred by denying Murphy Oil's motion for judgment as a matter of law based on the TWCA's exclusive remedy provision. We affirm the trial court's judgment.

## Background

Stegall worked as a cashier at Murphy Oil's store in Balch Springs, Texas. On September 25, 2017, Stegall's aunt drove her to work and dropped her off in the store's parking lot, approximately ten minutes before Stegall's afternoon shift was scheduled to start. On her way across the parking lot, Stegall stepped in a pothole, fell, and seriously injured her ankle. Three men, including her supervisor at the store, helped her into the building, but she was in significant pain and unable to work. She called her aunt to return and to bring her home. Stegall incurred almost $13,000 in medical bills for treatment of her injuries.

Soon after the accident, Stegall initiated a workers' compensation claim, but she did not send the insurer information necessary to evaluate the claim, and it was denied.

Stegall initially sued Wal-Mart Stores, Inc. on a claim of premises liability.[1] In her first amended petition, she added Murphy Oil as a defendant on the same theory of liability. Approximately one year after Murphy Oil was joined as a defendant, it moved for summary judgment, contending that the exclusive remedy provision of the TWCA precluded Stegall's common law claim.[2] Stegall responded,

---

[1] There is a Wal-Mart store next to the Murphy Oil store; the two stores' parking lots are separate, but close to one another.

[2] *See* TEX. LAB. CODE ANN. § 408.001(a) (discussed below).

arguing that she was not in the course and scope of her employment when she was injured, so the TWCA did not apply in this case. The trial court denied the motion.[3]

As trial approached, the parties drew up and filed an Agreed Statement of Facts, which listed the following stipulations:

- On September 25, 2017, while exiting a vehicle, Stegall stepped in a pothole and fell (the Incident).

- As a result of the Incident, Stegall injured both her left and right ankles.

- As a result of the Incident, Stegall sought medical treatment from a number of medical providers and incurred $12,789.01 in medical bills.

- The pothole was located in the parking lot of Murphy Oil's premises at 12330 Lake June Road, Balch Springs, Texas 75180.

- At the time of the Incident, Stegall was an employee of Murphy Oil.

- At the time of the Incident, Stegall was an invitee on Murphy Oil's premises.

- At the time of the Incident, Stegall's manager at Murphy Oil was Nikisha Pye.

- At the time of the Incident, Stegall was arriving to her work shift for the day but had not yet clocked in.

- At the time of the Incident, Murphy Oil subscribed to Worker's Compensation Insurance through Liberty Mutual Insurance Company (Liberty Mutual).

- On September 29, 2017, Stegall filed a worker's compensation claim, Claim No. WC949—D46144, with Liberty Mutual for the injuries she allegedly suffered as a result of the Incident.

---

[3] Murphy Oil re-urged its motion before trial. Our record does not contain a written ruling on the motion, but the trial court's docket sheet contains a note stating the motion was denied.

–3–

- On October 20, 2017, Liberty Mutual denied Stegall's Worker's Compensation claim on the stated grounds that Stegall had not provided any information or responded to Liberty Mutual's inquiries from which Liberty Mutual could verify the existence, duration, and extent of Stegall's disability.

- On November 5, 2018, Stegall filed her First Amended Petition asserting claims against Murphy Oil.

Although the parties did not list it in their Agreed Statement of Facts, they do not dispute that the parking lot on Murphy Oil's premises is used by both employees and the public.

The trial court presided over the trial without a jury, and each party called one witness. Stegall testified in detail to her injury and the damages she suffered because of it.[4]

After Stegall's testimony, Murphy Oil moved for judgment as a matter of law, again based upon the TWCA's exclusive remedy provision. The trial court denied the motion. Murphy Oil then offered testimony from Courtney Shick, a District Manager for Murphy Oil who oversees ten stores, including the store in Balch Springs where Stegall worked. Shick testified that the parking lot where Stegall was injured is part of that store's premises.

The trial court signed its Final Judgment, awarding Stegall $12,789.01 for past medical expenses, $5,000 for past physical pain and mental anguish, and $2,000 for

---

[4] On cross-examination, Stegall testified that she had received documents from the workers' compensation insurer. However, she had been told by her attorney not to sign anything, so she forwarded the documents to him.

–4–

past physical impairment. Both parties submitted proposed findings of fact and conclusions of law, but the trial court did not sign either set. Neither party filed a Notice of Past Due Findings of Fact and Conclusions of Law pursuant to rule 297 of the Texas Rules of Civil Procedure.

This appeal followed.

**Discussion**

The fundamental issue before us involves the application of the undisputed facts of this case to the exclusive remedy provision relied upon by Murphy Oil. TEX. LAB. CODE ANN. § 408.001(a). "The proper construction of a statute presents a question of law that we review de novo." *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016).[5]

At the outset, the parties agree that—at the time of Stegall's injury—Murphy Oil was a workers' compensation subscriber and Stegall was its employee. Murphy Oil argues, therefore, that Stegall's remedy is limited by the Act's exclusive remedy provision, which states:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the

---

[5] Although this case was not technically tried as an "Agreed Case," *see* TEX. R. CIV. P. 263, we identify above the parties' lengthy list of agreed facts, and we have not identified any disputed material facts in the remainder of the record. Accordingly, as in a rule 263 case, "the question on appeal is limited to the correctness of the trial court's application of the law to the agreed facts." *Patton v. Porterfield*, 411 S.W.3d 147, 154 (Tex. App.—Dallas 2013, pet. denied). We review de novo the issue of whether the trial court properly applied the law to the undisputed facts, but we do not review the legal or factual sufficiency of the evidence. *See id.*

–5–

employer for the death of or a work-related injury sustained by the employee.

LAB. § 408.001(a).

Stegall argues that her claim does not fall within the purview of section 408.001(a) because she was not in the course and scope of her employment when she was injured.[6] "Course and scope" is defined by the TWCA to mean:

> an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations.

LAB. § 401.011(12). It is undisputed that Stegall had not clocked in and had not yet begun working as a cashier or in any other fashion for the benefit of Murphy Oil at the time of her injury. Accordingly, for the exclusive remedy provision to apply, Stegall's injury must somehow be brought within the ambit of course and scope, although she had not begun to work.

Murphy Oil argues that Stegall was in the course and scope of her employment because she was on her way to work, traveling across her employer's parking lot. However, "[t]he general rule, and it is a well settled rule, is that the benefits of the workmen's compensation statute do not apply to injuries received going to and from

---

[6] The term "work-related" is not defined in the statute. However, we know that "only injuries occurring 'in the course and scope of employment' are compensable." *Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17 (Tex. 2000) (citing LAB. § 401.011(10), defining "compensable injury"). Accordingly, we agree with Stegall's premise that the application of the exclusive remedy defense turns initially on whether she was in the course and scope of her employment at the time she was injured.

work." *Tex. Comp. Ins. Co. v. Matthews*, 519 S.W.2d 630, 631 (Tex. 1974). Indeed, the TWCA states specifically that "course and scope" does *not* include "transportation to and from the place of employment" with limited exceptions that all agree do not apply here.[7]

Murphy Oil relies upon the access doctrine, a common law exception to the going-to-and-from-work exclusion. In *Matthews*, the supreme court defined the access doctrine to include:

> cases [1] in which the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work, and [2] where such access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises.

*Id.*; *see also Turner v. Tex. Employers' Ins. Ass'n*, 715 S.W.2d 52, 53 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

Murphy Oil cites two cases as authority for its assertion that employers' parking lots fall within the second prong of the *Matthews* test, i.e., that parking lots are so closely related to the employer's premises as to be fairly treated as a part of

---

[7] The statute excepts injuries that occur when:

(i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;

(ii) the means of the transportation are under the control of the employer; or

(iii) the employee is directed in the employee's employment to proceed from one place to another place.

LAB. § 401.011(12)(A).

the premises.[8] However, the first of its cases, *U.S. Fire Insurance Co. v. Deering Management Group, Inc.*, 946 F. Supp. 1271 (N.D. Tex. 1996), is not a workers' compensation case. Indeed, the District Court addresses the access doctrine only in hypothetical fashion and concludes that it is unable to determine whether the doctrine should apply at all. *Id.* at 1282–83. Murphy Oil's second case, *Aetna Life Insurance Co. v. Woods*, 449 S.W.2d 86 (Tex. Civ. App.—Fort Worth 1969, writ ref'd n.r.e.), applies the access doctrine when the employee was injured in a parking lot that was fenced, guarded, and maintained "for the convenience of itself, its employees to enable them to park closer to their work, and authorized visitors." The lot was not an area open to the public. *Id.* at 87–88. Murphy Oil then argues that the access doctrine should apply as a matter of law, relying upon *Bordwine v. Texas Employers' Insurance Ass'n*, 761 S.W.2d 117 (Tex. App.—Houston [14th Dist.] 1988, writ denied), where an employee sustained a fall similar to Stegall's in her employer's parking lot. But that opinion makes clear that the "parking lot [was] provided by the employer for the sole use of its employees." *Id.* at 120. These cases do not support Murphy Oil's broad conclusion that injuries suffered on an employer's parking lot are to be governed in all cases by the access doctrine.

---

[8] The evidence established that the parking lot at issue was in fact on Murphy Oil's premises. However, as Stegall avers, she did not work on the parking lot. The access doctrine applies, even if on the employer's premises, only when those premises are the employee's place of work. *Turner*, 715 S.W.2d at 54.

Instead, we are persuaded by Stegall's argument that a distinction lies between premises—including employers' parking lots—that are purposefully intended solely for employees' use in accessing their place of employment and premises that are equally available to the public. The rationale for excluding injuries sustained while going to and from work from the employee's course and scope is longstanding: "in most instances such an injury is suffered as a consequence of risk and hazards to which all members of the traveling public are subject rather than risk and hazards having to do with and originating in the work or business of the employer." *Kelty v. Travelers Ins. Co.*, 391 S.W.2d 558, 562 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.). In this case, the Murphy Oil parking lot was used by employees and the public. The pothole that caused Stegall's injury was a risk or hazard not only to her and other employees, but to all members of the traveling public. Accordingly, Stegall's injury cannot meet the first prong of the access doctrine test, because the injury did not occur where "the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work." *See Matthews*, 519 S.W.2d at 632 ("no cause has extended the 'access exception' out into the public streets where other members of the public are subject to the same hazard").

We conclude that the access doctrine exception does not apply to this case. Stegall was traveling to work when she was injured; she was not in the course and scope of her employment at that time. Because her injury was not work-related, the

exclusive remedy provision of the TWCA does not apply in this case. The trial court did not err in denying Murphy Oil's motion for judgment as a matter of law. We overrule its single issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

210644F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MURPHY OIL USA, INC. D/B/A
MURPHY OIL USA #7350,
Appellant

No. 05-21-00644-CV         V.

DONNETTA STEGALL, Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-08452.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Donnetta Stegall recover her costs of this appeal from appellant Murphy Oil USA, Inc. d/b/a Murphy Oil USA #7350.

Judgment entered February 22, 2023

–11–