**Motion for En Banc Reconsideration Failed and Dissenting Opinion from Failure of Motion for En Banc Reconsideration filed June 27, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00338-CV

---

## OSCAR PARDO AND RICARDO EDUARDO PEREZ, Appellants

## V.

## RAFAEL IGLESIAS III, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-39532**

---

## DISSENTING OPINION FROM FAILURE OF MOTION FOR EN BANC RECONSIDERATION

Appellee, Rafael Iglesias III, seeks en banc reconsideration of a panel opinion that (1) reversed the trial court's denial of Appellant officers' motion to dismiss pursuant to the Texas Tort Claims Act, and (2) rendered judgment in Appellants' favor. The panel's opinion materially departs from the uniformity of this court's jurisprudence concerning the (1) rendering of judgment without jurisdiction, (2) avoidance of surplusage in statutory interpretation, and (3)

application of Texas Civil Practice and Remedies Code section 101.106(f) once we determine the three-part test therein is satisfied. Therefore, I would grant en banc reconsideration to maintain the uniformity of this court's decisions and address the extraordinary circumstances created when our court dismissed Iglesias's claim despite lacking jurisdiction to do so. *See* Tex. R. App. Proc. 42.1(c).

## I.  Relevant Statutory Language

This appeal centers on the application of Texas Civil Practice and Remedies Code section 101.106(f). That statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

## II.  Jurisdiction

The trial court's denial of Appellants' motion to dismiss is an interlocutory order; thus, this court lacks jurisdiction to hear Appellants' appeal unless a statute explicitly confers appellate jurisdiction. *See Chang v. Lin*, No. 14-16-00805-CV, 2016 WL 7234469, at *1 (Tex. App.—Houston [14th Dist.] Dec. 13, 2016, no pet.) (mem. op.) (per curiam) (citing *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam)). The Texas Tort Claims Act waives sovereign immunity in three areas only:  "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (citations omitted). One of

2

Iglesias's claims against Appellant officers was for assault.

Assault is an intentional tort and is not a use of publicly owned automobiles, a premises defect, or an injury arising out of conditions or use of property. Therefore, no statute provides authority to hear Appellants' interlocutory appeal concerning the denial of a motion to dismiss Iglesias's assault claim because it could not have been brought under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault . . . or any other intentional tort[.]"); *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 59 (Tex. 1992) (holding the Texas Tort Claims Act does not cover assault). Therefore, we lack jurisdiction to hear Appellants' arguments against Iglesias's assault claim (regardless of how they are framed) because it could not have been brought against the City of Houston under the Texas Tort Claims Act and there was no waiver of governmental immunity from suit. This is fundamental error.

## III. Surplusage

The panel's presumption that Iglesias's assault claim must have been brought under the Texas Tort Claims Act also runs afoul of this court's uniform jurisprudence recognizing the well-established rule that we are to "consider the statute as a whole, giving effect to each provision so that none is rendered meaningless or mere surplusage." *In re J.R.*, 652 S.W.3d 508, 513 (Tex. App.— Houston [14th Dist.] 2022, pet. denied) (quoting *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016)); *see also Duncan House Charitable Corp. v. Harris Cnty. Appraisal Dist.*, No. 14-20-00461-CV, 2021 WL 5831399, at *2 (Tex. App.—Houston [14th Dist.] Dec. 9, 2021, pet. filed) (mem. op.); *Harris Cnty. Appraisal Dist. v. IQ Life Scis. Corp.*, 612 S.W.3d 93, 97 (Tex. App.— Houston [14th Dist.] 2020, pet. denied) (plurality op.); *Matter of A.J.F.*, 588 S.W.3d 322, 335 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Guardianship*

*of A.S.K.*, No. 14-15-00588-CV, 2017 WL 3611845, at *2 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, pet. denied) (mem. op.). The panel's dismissal of Iglesias's assault claim case required it to convert an intentional tort that is explicitly exempted from the Texas Tort Claims Act into a claim that inexplicably "could have been brought" pursuant to non-existent statutory language; this outcome is foreclosed as a matter of law. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault . . . or any other intentional tort[.]"); *Delaney*, 835 S.W.2d at 59. The panel's conversion of Iglesias's intentional assault claim into one that "could have been brought" under the Texas Tort Claims Act means that (under the panel's reasoning) *any* cause of action brought against government actors in state courts is effectively a claim under the Texas Tort Claims Act despite the availability of other statutory remedies (*e.g.*, 42 U.S.C. § 1983); this impermissibly renders the phrase "if it could have been brought under this chapter against the governmental unit" inert surplusage contrary to this court's ruling in *In re J.R. See In re J.R.*, 652 S.W.3d at 513.

## IV.    Official Capacity

Finally, the panel completed 101.106(f)'s three-part test, concluded it applied, then assumed said application automatically warranted dismissal. That is not what the plain language of 101.106(f) says. Instead (and once the three-part test has been satisfied), "the suit is considered to be against the employee in the employee's official capacity only." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Assuming *arguendo* that the three-part test has been satisfied (as the majority concluded), then Iglesias's suit is against Appellants in their official capacities only. *See id.*; *Brown v. Robinson*, No. 14-17-00754-CV, 2019 WL 1339651, at *8 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem.

op.) (holding that when the three-part test is satisfied, the plaintiff's cause of action is considered to be against the government official in his or her official capacity only).

An official capacity claim is a claim against the city. *See Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011) ("Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer."). Therefore, the panel's dismissal of Iglesias's claim was contrary to this court's opinions concerning the application of 101.106(f)'s plain language. *See Rodriguez v. Duvall*, No. 14-20-00402-CV, 2022 WL 619710, at *3 (Tex. App.—Houston [14th Dist.] Mar. 3, 2022, no pet.) (mem. op.) ("Under section 101.106(f) of the Act, the legislature mandated that a governmental unit—not the government employee—must be sued for a governmental employee's work-related tortious conduct.") (citing *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019)). I would grant en banc review to correct this extraordinary error and to maintain the uniformity of this court's decisions concerning the application of 101.106(f).

## V.     Conclusion

The panel's opinion materially departs from this court's jurisprudence because it (1) rendered judgment concerning Iglesias's assault claim despite the absence of subject matter jurisdiction to do so, (2) caused statutory language to become mere surplusage, and (3) misapplied the plain language of Texas Civil Practice and Remedies Code section 101.106(f). Instead of following this court's relevant holdings, the panel decided that (1) the City could not be sued for Appellants' alleged assault under the Texas Tort Claims Act, (2) because the City could not be sued, Appellants could not be sued either, and (3) because Appellants could not be sued, they were therefore entitled to dismissal.

The panel's errors are readily understandable. Iglesias's pleadings are not a model of clarity and Appellants failed to file any special exceptions that could have

clarified the viable source of Iglesias's assault claim. Notwithstanding these mutual errors, this court's jurisprudence clearly prohibits the granting of appellate relief when we lack subject matter jurisdiction. Therefore, we should grant en banc reconsideration to maintain the uniformity of this court's decisions and to address the extraordinary errors that were properly disregarded by the trial court.

/s/    Meagan Hassan
       Justice

En Banc Court consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, and Wilson. Justice Hassan authored the Dissenting Opinion from Failure of Motion for En Banc Reconsideration in which Justices Bourliot, Zimmerer, and Spain joined. Justice Poissant did not participate.