# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00512-CV

**Melvin Rivas Gonzalez, Appellant**

**v.**

**Dynamic Motors, Inc., Appellee**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000940, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Melvin Rivas Gonzalez (Gonzalez) appeals the trial court's order granting summary judgment in favor of Dynamic Motors, Inc. (Dynamic Motors).  In his sole issue on appeal, Gonzalez contends the trial court erred in granting summary judgment because Dynamic Motors failed to prove its affirmative defense that workers' compensation was the exclusive remedy for his injury.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez filed suit against Dynamic Motors and MFish, LLC (MFish), for injuries he sustained at work after falling 20 feet from a garage roof onto a concrete floor.  Dynamic Motors is a local used car dealership and service garage in Austin.  On January 20, 2018, Dynamic Motors hired Gonzalez as a car detailer and porter.  As a car detailer, his job duties included cleaning the cars' exteriors, interiors, and motors.

On March 20, 2018, Gonzalez was performing his usual job duties when the garage service manager asked him to help with some repairs on the garage roof. Gonzalez agreed to help. Shortly after getting on the roof, Gonzalez stepped through a skylight and fell 20 feet to the concrete floor below. He suffered two broken ankles requiring surgery and physical therapy, leading him to suffer permanent mobility issues. Shortly after his injury, Dynamic Motors submitted a claim for workers' compensation insurance on Gonzalez's behalf. Gonzalez received periodic payments until August 5, 2019, when his doctor determined he achieved maximum medical improvement (MMI).

On February 20, 2019, Gonzalez filed suit alleging Dynamic Motors and MFish were negligent in failing to provide fall protection devices to Gonzalez, failing to train him how to recognize and prevent falls, and failing to warn him about the location and weight-bearing capacity of the roof's skylight.[1] Dynamic Motors pleaded the exclusive remedy doctrine as an affirmative defense, claiming that Gonzalez was precluded from filing a common law negligence suit against Dynamic Motors because he had already filed, and received benefits from, a workers' compensation claim. Dynamic Motors filed a traditional summary judgment on its affirmative defense, arguing that Gonzalez's exclusive remedy had already been satisfied in the form of workers' compensation benefits. In support, it attached evidence including Gonzalez's employment documents, the relevant workers' compensation claim, a written statement from a co-employee, excerpts from Gonzalez's deposition, and various written discovery responses. Gonzalez also moved for summary judgment in a combined traditional and no-evidence motion, claiming, among other things, that there was no evidence that he was an employee at the time of

---

[1] MFish is the limited liability company that allegedly owns the property on which Dynamic Motors is located.

the accident because he was not acting in furtherance of Dynamic Motors' business. The trial court denied Gonzalez's no-evidence motion for summary judgment and granted Dynamic Motors' traditional motion for summary judgment and entered final judgment, dismissing Gonzalez's suit against Dynamic Motors in its entirety.[2] This appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment that the trial court should have rendered. *See FM Props. Operating Co.*, 22 S.W.3d at 872. When the trial court does not specify the grounds relied upon in granting the motion for summary judgment, the reviewing court must affirm if any of the summary judgment grounds are meritorious. *Id.*

## DISCUSSION

The sole issue on appeal is whether the exclusive remedy doctrine bars Gonzalez's negligence claims against Dynamic Motors. The Workers' Compensation Act (the Act) provides

---

[2] The motion for summary judgment at issue was filed on behalf of Dynamic Motors only. The trial court entered final judgment in the suit against Dynamic Motors as to be appealable. MFish did not move for summary judgment and Gonzalez's claims against MFish continued in the trial court.

remedies for the prompt payment of medical expenses and lost wages for covered employees who sustain work-related injuries, without the injured employee having to prove liability under a common-law tort theory. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72 (Tex. 2016) (citing *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009)). In exchange for the guarantee of benefits, the Act prohibits an injured employee from seeking common law remedies from his employer. *See* Tex. Lab. Code § 408.001(a) (exclusive remedy doctrine) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer [] for the [] work-related injury sustained by the employee.").

The exclusive remedy doctrine is an affirmative defense that requires the defendant to prove two elements: (1) the employee sustained a work-related injury; and (2) the employer was covered by workers' compensation insurance.[3] *See id.* On appeal, Gonzalez does not challenge whether Dynamic Motors carried workers' compensation insurance that was in effect at the time of the injury or that Dynamic Motors filed a claim on Gonzalez's behalf shortly after the injury. Accordingly, only the first element of the defense is at issue—specifically whether Gonzalez was acting as an "employee" under the Act when he sustained his injury.

---

[3] Some exceptions apply to the defense, including claims against the employer for intentional torts and claims against third parties. *See id.* § 417.001(a); *see also Varela v. American Petrofina Co. of Tex., Inc.*, 658 S.W.2d 561, 562 (Tex. 1983) (providing that employee may seek recovery from third party whose negligence contributed to injury); *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) ("The [Act] is the exclusive remedy for work-related injuries with the exception of intentional injury."); *Medina v. Herrera*, 927 S.W.2d 597, 602 (Tex. 1996) (holding injured employee may recover workers' compensation benefits in addition to seeking liability against co-worker for intentional tort).

***Whether Gonzalez was an "employee" under the Act***

The Texas Labor Code defines an employee as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." Tex. Lab. Code § 401.012(a). Section 401.012(c), however, provides exceptions to the "employee" definition, including "a person whose employment is not in the usual course and scope of the employer's business." *Id.* § 401.012(c)(2).

Gonzalez contends that, because roof repairs are not part of Dynamic Motors' business and because Gonzalez was engaging in such an activity when he was injured, he was not engaged in the usual course and scope of Dynamic Motors' business and was therefore not an "employee" at the time of the injury-causing event. Accordingly, he argues, his injury is non-compensable under the Act. Because he claims it is non-compensable under the Act, he would not barred from pursuing a common law claim of negligence against Dynamic Motors. *See id.* § 408.001. He also argues that Section 401.012(b)(1) (temporary direction exception) does not apply because Gonzalez was not "directed" by his employer to perform roof repairs.

Dynamic Motors counters that Gonzalez's receipt of workers' compensation payments, in and of itself, establishes that the injury was compensable under the Act and therefore Gonzalez was an employee at the time of the injury. We need not resolve this question, however, because the summary judgment evidence conclusively established Dynamic Motors' entitlement to summary judgment on the ground that Gonzalez was employed in the usual course and scope of Dynamic Motors' business at the time of the incident. *See* Tex. Lab. Code § 401.012(c)(2); *FM Props. Operating Co.*, 22 S.W.3d at 872 ("When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious.").

5

*Course and scope of business*

Gonzalez hinges his argument on the premise that roof repairs are not inclusive of Dynamic Motors' business model and therefore he was not employed in Dynamic Motors' usual course and scope of business at the time he was performing them.

In his deposition, Gonzalez stated he believed he was hired only as a car detailer and did not perform any other duties for Dynamic Motors. Even viewing the evidence in a light most favorable to Gonzalez, we conclude that this testimony was insufficient to raise a fact issue as to whether he was employed in the usual course and scope of Dynamic Motors' business at the time of the injury. The evidence is undisputed that at the time of the injury, Gonzalez was working his regular shift while earning an hourly rate on his employer's premises. First, the record shows that when Gonzalez was hired in January 2018, his written job duties included: "car detailing, lot maintenance, taking trash out, detailing vehicles, removing property from vehicles, storing detailing equipment, [and] other duties as assigned." Secondly, Jonathan Fish, vice president of Dynamic Motors, provided deposition testimony describing Gonzalez as "a porter/helping hand . . . if you know, we needed someone to mow the lawn or, in this case, fix small leaks in the roof . . . we would ask for volunteers to help out with that . . . the porter's position is kind of a helping hand around the entire lot." All of these job duties further the business of a used car dealership. Based on the language of Section 401.012(c)(2), the dispositive inquiry is only whether Gonzalez's *employment*—not assigned task or miscellaneous activity—was in the usual course and scope of the employer's business. Gonzalez has not provided, nor have we found, any authority that provides a task-by-task approach to the classification of "employee" under Section 401.012(c)(2). *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 138 (Tex. 2018) (refusing to evaluate employee status in vicarious liability case on task-by-task basis).

6

Accordingly, because the undisputed evidence shows that Gonzalez was hired by Dynamic Motors to perform job duties consistent with those required in a used car dealership, the trial court did not err in determining Gonzalez was employed in the usual course and scope of Dynamic Motors' business at the time of the injury.

Because Dynamic Motors conclusively proved that Gonzalez was an employee who suffered a work-related injury and that he received workers' compensation benefits, Gonzalez's suit is barred by the exclusive remedy provision of the Workers' Compensation Act.  *See* Tex. Lab. Code § 408.001.  The trial court did not err in granting Dynamic Motors' motion for summary judgment based on that affirmative defense.[4]

## CONCLUSION

We affirm the district court's judgment.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   October 19, 2023

---

[4] Because the evidence conclusively established that Gonzalez's employment was in the course and scope of Dynamic Motors' business at the time he was injured, we do not address his arguments concerning the temporary direction exception under Section 401.012(b)(1).  *See* *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) (providing reviewing court must affirm trial court's judgment if any summary judgment grounds are meritorious).