**Thomas Clark DOBBS**

v.

**STATE of Texas.**

**No. 2–84–156–CR.**

Court of Appeals of Texas, Fort Worth.

Aug. 23, 1984.

Rex Easterwood, Hereford, for appellant.

Jimmy F. Davis, County Dist. Atty., Dimmitt, for appellee.

Before FENDER, C.J., and JORDAN and JOE SPURLOCK, II, JJ.

OPINION

JORDAN, Justice.

This is an appeal from a conviction for theft of property of a value over $200.00 but less than $10,000.00. Punishment was assessed by the jury at five (5) years imprisonment. Imposition of the sentence was suspended and appellant was placed on five (5) years probation, one condition of which required him to make restitution in the amount of $24,967.75.

In two grounds of error, appellant complains of allegedly fatal variances between the allegations in the indictment and the proof adduced at trial.

We affirm.

The indictment in the instant case omitting the formal portions, alleged that appellant:

[K]nowingly and intentionally exercise[d] control over property, other than real property, to-wit: Sixty (60) bales of cotton, of the value of at leat [sic] $200.00 but less than $10,000.00 without the effective consent, in that the defendant had no consent, of JACK GEORGE, the owner of said property, in that he is a person who has a greater right to possession of the property than the defendant, and with intent to deprive JACK GEORGE of the said property, in that the defendant did exercise control over said property with the intent to withold [sic] said property from the owner permanently and for so extended a period of time that a major portion of the value and enjoyment of said property was lost to the owner.

The evidence established that during the fall of 1980, Jack George delivered ninety-eight (98) bales of cotton to the Hart Gin Company for storage and eventual sale. Appellant was the sole stockholder in the corporation owning Hart Gin Company and personally conducted operations at the gin.

George designated himself as "producer" of the cotton on the production cards maintained by the county agricultural service; however, it was undisputed that the cotton was the property of George Farms, a partnership consisting of Jack George's two sons and all proceeds obtained from the sale of the cotton were to go to the partnership. Jack George, himself, was not a partner. He testified, however, that the cotton was produced on his land; that he was authorized to write checks on the partnership account; that he represented the partnership in its business; and that he was the only person who dealt with appellant regarding the cotton. George's authority to act for the partnership in the transaction with appellant was not challenged.

Appellant sold the cotton in February of 1981, but failed to inform George of the sale. When George approached appellant in March regarding the cotton, appellant told him that the cotton had not been sold, but that he would advance George $10,-000.00 against the proceeds to allow the partnership to pay off certain notes which were due. The $10,000.00 was deposited to the partnership account, but appellant applied the remaining proceeds, approximately $24,000.00, to debts owed by the gin company.

In his first ground of error, appellant asserts that a fatal variance exists between the indictment and the proof in that the State failed to prove that Jack George was the owner of the property as alleged.

In a prosecution for theft, the State may allege ownership in any of three ways: (1) by virtue of title to the property; (2) by possession of the property; or (3) by a greater right to possession of the property than the defendant. *See Inman v. State*, 650 S.W.2d 417, 419 (Tex.Crim.App. 1983). In the instant case, the State alleged Jack George to be the owner of the cotton as one with a greater right to possession to it than the defendant.

It is appellant's contention that the State, to sustain its burden under this allegation, was required to prove that George was an *employee* of the partnership which actually owned the cotton. In support of this argument, he cites *Sherlock v. State*, 632 S.W.2d 604 (Tex.Crim.App.1982); *Smallwood v. State*, 607 S.W.2d 911 (Tex.Crim. App.1982); and *Teague v. State*, 628

S.W.2d 240 (Tex.App.—Fort Worth 1982, no pet.). In each of these cases, the court relied upon the fact that the individual alleged as the owner was an employee of the actual owner of the property in holding that the individual had a greater right of possession of the property than the defendant. However, we do not believe that these cases stand for the proposition that the *exclusive* method of proving a greater right of possession is by such evidence.

In the instant case, Jack George testified that he represented his sons' partnership in the conduct of its business. He delivered the cotton to appellant's gin and signed the necessary identification documents therefor. George authorized appellant to sell the cotton, made demand on appellant for the proceeds, and received the $10,000.00 check drawn by Dobbs which was deposited to the partnership account. George's authority to act for the partnership was not challenged. Dobbs himself testified that George had a greater right of possession to the cotton than did Dobbs.

There was no fatal variance between the indictment and the proof. The evidence was sufficient to establish that, as alleged, Jack George was the owner of the cotton being one with a greater right of possession thereto than the defendant. Appellant's first ground of error is overruled.

In his second ground of error, appellant urges that a fatal variance exists between the indictment and the proof in that the State alleged that the property stolen was bales of cotton and the evidence shows that the property stolen was money rather than cotton.

In *Stoner v. State*, 585 S.W.2d 750 (Tex. Crim.App.1979), a similar contention was rejected by the Court of Criminal Appeals. In *Stoner*, the defendants were indicted for the theft of paper from the State. The evidence established a scheme whereby one of the defendants, a supervisor of a State print shop, purchased the paper with State funds and then, in essence, sold it back to the State in the form of a completed print job done by a private contractor, the defendants receiving the State funds used to pay for the printing job. It was held that although the defendant-supervisor originally had the authority to purchase and exercise control over the paper, he clearly exceeded this authority and acted without the effective consent of the owner when he used the paper for his private gain and that of his co-defendant. *See Stoner, supra,* at 753. In *Stoner*, the court noted that TEX. PENAL CODE ANN. sec. 31.02 (Vernon 1974), consolidated such offenses as embezzlement, swindling, and conversion by a bailee into the single offense of theft. It then reasoned that while under the facts of the case the defendants *could* have been prosecuted for the theft of the money received pursuant to their scheme, the theft statute was broad enough to authorize prosecution for theft of the paper as well. *See Stoner, supra,* at 754.

In the case before us, while appellant was originally authorized to exercise control over and sell the cotton, he exceeded this authority when he used a portion of the proceeds of the sale to pay debts owed by the gin company. The evidence of defendant's sale of the cotton for his own account and his misapplication of the proceeds to company debts establishes, in essence, a misappropriation of the cotton itself. *See Harrison v. State*, 630 S.W.2d 350, 353 (Tex.App.—San Antonio 1982, no pet.).

There was no fatal variance between the indictment and the proof with respect to the property stolen. The second ground of error is overruled.

The judgment is affirmed.