**Joseph CONIGLIO, Appellant,**

v.

**Michael SNYDER, Appellee.**

No. 13–87–074–CV.

Court of Appeals of Texas,
Corpus Christi.

May 31, 1988.
Rehearing Denied Aug. 31, 1988.

Darrell Barger, Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellant.

Pat Morris, Nicolas, Morris & Barrow, Corpus Christi, for appellee.

Before UTTER, KENNEDY and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant, Joseph Coniglio, was sued by appellee for malicious prosecution. The jury awarded appellee $638,841.84. The trial court conditioned a new trial on the acceptance of a $200,000.00 remittitur. Appellant challenges on appeal the sufficiency of the evidence to support the elements of malicious prosecution and the form of the jury charge. Appellee challenges the remittitur. We reverse and render the judgment of the trial court.

■ By appellant's fifth through thirteenth points of error, he challenges the sufficiency of the evidence to support the elements of malicious prosecution. In order to maintain an action for malicious prosecution, a plaintiff must prove that there was a prosecution by the defendants, that it was malicious, that it was without probable cause, that the prosecution ended in acquittal, and that the plaintiff suffered damages. *Ada Oil Company v. Dillaberry,* 440 S.W.2d 902, 909–10 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd).

We examine events prior to the institution of legal proceedings to determine if a defendant had probable cause to act. *Akin v. Dahl,* 661 S.W.2d 917, 920 (Tex.1983). There is initially a presumption that a defendant acted in good faith and with probable cause. The presumption disappears when the plaintiff produces evidence to the contrary. The burden of proof then shifts to the defendant to offer independent proof of probable cause. *Id.* Once the opposing parties have entered into a factual contest on the issue of probable cause, a fact issue is created for resolution by the trier of fact. *Id.* It is proper for the trier of fact to consider all evidence which a prosecut-ing party knew or should have known of the plaintiff's condition and upon which evidence the prosecuting party based or should have based his action. *Id.* at 921.

■ A prosecuting party who files a criminal complaint does so upon probable cause where, in good faith, he makes a full and fair disclosure of the facts and circumstances known to him at the time. *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Unless a person fairly discloses information to a prosecuting attorney, in good faith, probable cause does not exist. *Id.* Probable cause has been defined as a state of mind in which the facts are regarded from the point of view of the prosecuting party. *Id.* The question is not what the actual facts were, but what he honestly believed them to be. *Id.*

■ We will review the evidence regarding lack of probable cause following the standard set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

The evidence presented at trial showed that Coniglio and Dr. Byrne, through their business, Specialty Center Condominiums, entered into contracts with Snyder Contracting Ltd., appellee's company, to do construction work on an office condominium project. The contract primarily in issue in this case was for foundation work, at a cost of $52,400.00.

Snyder began work on the project in 1983 and submitted the following bills to Coniglio and Byrne for work performed: $16,423.00 on July 13, 1983; $10,406.00 on July 28, 1983; and $2,376.00 on October 7, 1983. It is undisputed that Coniglio paid these bills. Snyder's limited partnership was dissolved before the project was finished and another company completed the

job. Coniglio testified that he began getting bills and notices that liens had been filed from subcontractors on the job who claimed they had not been paid for work performed. Coniglio said he paid more than $30,000.00 to the subcontractors in addition to the $31,734.00 he paid appellee. These expenditures were approximately $9,000.00 more than the cost of the contract price of $52,400.00. Coniglio testified at trial that he believed he was being billed by subcontractors for materials he had previously paid. Dr. Byrne, appellant's partner, contacted an attorney to look into the matter. The attorney, Richard Crews, testified that he contacted the district attorney's office to see if there was a case. Coniglio claimed that problems regarding liens on the property arose in mid-November. Appellee was later indicted for mismanagement of fiduciary funds. The indictment was later dismissed.

Snyder argues that Coniglio did not have probable cause to prosecute him because the bills which Coniglio paid to extinguish the liens were for expenses incurred *after* the initial payment of $31,734.00. Snyder claims that because this information was at Coniglio's disposal when his partner contacted an attorney to look into the matter, the information he signed and furnished to the police was false. The information furnished to the police was a sworn statement signed by Coniglio and Byrne in which they stated that they paid $31,734.00 to Snyder Contracting Limited and that the company ceased doing business on October 31, 1983. Subsequently, they began receiving payment requests from material suppliers for work performed. They claimed they had paid $30,153.44 to suppliers that should have been paid by Snyder Contracting Limited.

Coniglio testified at trial that he believed he had paid several bills twice. He said that appellee's bills did not specify what he was actually being charged for. The following bill was sent by Snyder to Coniglio and Byrne on July 28, 1983:

# Snyder Contracting Ltd.

P.O. Box 6154 • Corpus Christi, Texas 78411
Telephone: 512/883-3842

Drs. Byrne and Coniglio       ESTIMATE #   2   DATE: 07/28/83

5756 South Staples       JOB #   83-11   P.O. #   n/a

Corpus Christi, Texas 78412       JOB NAME:   Specialty Center

ORIGINAL CONTRACT AMOUNT----------------------------$   52,400.00

CHANGE ORDER #1------------------------------------$   0.00 ✓

CHANGE ORDER #2------------------------------------$   0.00

CHANGE ORDER #3------------------------------------$   0.00

TOTAL CONTRACT AMOUNT----------------------------$   52,400.00

TOTAL COMPLETED & STORED TO DATE----$   29,810.00

LESS   10   % RETAINAGE------------$   2,981.00

TOTAL EARNED LESS RETAINAGE---------$   26,829.00

LESS PREVIOUS PAYMENTS--------------$   16,423.00

TOTAL DUE THIS ESTIMATE-------------$   10,406.00

BALANCE ON CONTRACT------------------------------$   22,590.00

GROSS AMOUNT THIS ESTIMATE----------$   11,562.00

LESS   10   % RETAINAGE------------$   1,156.00

TOTAL DUE THIS ESTIMATE-------------$   10,406.00

FILED

OCT 17 1986

[DK-5 adm]

There was nothing accompanying this one-page statement to Coniglio and Byrne to inform them what materials and labor were included. Coniglio believed that he was paying on the percentage of completion. Snyder admitted that he did not send any accompanying documentation with the bills. He admitted that $6,581.93 worth of concrete was poured at the condominium site on July 19, 1983. Snyder also stated, in his deposition, that he did not know if he had ever received money from Coniglio and Byrne for supplies furnished to the project for which the supplier had not been paid.

Coniglio introduced evidence showing payment requests in reference to material or equipment provided to Snyder Contracting from July through October 1983. A bill from Heldenfels to Snyder Contracting Limited, dated July 22, 1983, for $6,581.93 for concrete at the project was admitted into evidence. The associated trip ticket, dated July 19, 1983, and signed by Snyder's employee was also admitted. Snyder's second payment request was dated July 28, 1983, less than a week later, in the amount of $10,406.00. It was Coniglio's contention and belief that since the material was delivered nine days prior to the payment request of July 28, that the charge was included in the July 28 request for payment.

There was no evidence in the record that Coniglio withheld information from the police or misstated facts to the police investigator. There was also no evidence that Coniglio knew that the bills he received from the subcontractors and the subsequently filed liens were not those he had previously paid.

It was Snyder's burden to produce evidence that the motives, grounds, beliefs and evidence which Coniglio acted upon were not probable cause. *Akin v. Dahl,* 661 S.W.2d at 920. Appellee argues that because Coniglio had certain information at his disposal from which he could have determined that his belief regarding double payment was without substance, there was no probable cause. However, Snyder never showed a lack of probable cause. The only evidence presented showed that Coniglio acted, in good faith, with the informa-

tion at his disposal. It was not necessary for Coniglio to investigate and confront Snyder. *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 627–628 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *see Thomas v. Cisneros,* 596 S.W.2d 313 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.). We find no evidence of lack of probable cause. Appellant's sixth point of error is sustained.

We have addressed all points dispositive of this appeal. The judgment of the trial court is REVERSED AND RENDERED.

KENNEDY, J., not participating.