John E. ZESS, Appellant,

v.

Richard T. FUNKE, II; C.C. Southern, Inc.; P.A.M. Transport, Inc.; and Central Transport Inc., Appellees.

No. 04–96–00247CV.

Court of Appeals of Texas.

San Antonio.

April 9, 1997.

Ronald W. Quillin, Fort Worth, for appellant.

Paul D. Gallego, Hale & Gallego, Laredo, Dayton G. Wiley, The Wiley Law Firm, San Antonio, for appellees.

Before HARDBERGER, C.J., and DUNCAN and JOHN HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

John E. Zess appeals from a summary judgment that he take nothing in his malicious prosecution case against Richard T. Funke II, C.C. Southern, Inc., P.A.M. Transport, Inc., and Central Transport, Inc. He contends in a single point of error that the trial court erred in granting the summary judgment.

We affirm because the summary judgment evidence shows as a matter of law that the appellees had probable cause in connection with the bringing of criminal charges against Zess, and, consequently, that they acted without malice in connection with the bringing of those charges.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Mgmt.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant/movant is entitled to summary judgment if it conclusively establishes that at least one element of plaintiff's cause of action does not exist. *Texas Dept. of Transp. v. Shaw*, 847 S.W.2d 618, 619 (Tex.App.—San Antonio 1992, writ denied).

A claim of malicious prosecution includes the following essential elements: (1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated by the defendants; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendants lacked probable cause to bring about the proceeding; (6) the defendants acted with malice in bringing about the proceeding; and (7) the plaintiff suffered damages as a result. *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.—Dallas 1991, no writ); *see also Browning–Ferris Industries, Inc. v. Lieck*, 881 S.W.2d 288, 293–94 (Tex.1994).

The appellees suffered from the theft of several of their semi-trailers. At the time of the thefts, Zess was the dispatcher and general manager of Yates Transport, Inc. On March 25, 1993, an anonymous driver hired, dispatched, and supervised by Zess contacted the appellees by telephone and reported that Zess and Yates were stealing the appellees' trailers, removing their logos, and using them for their own benefit. On April 1, 1993, an employee of the appellees observed two of the appellees' stolen trailers pull into the yard of Yates. Zess was present at that time. Zess turned the trailers over to the Comal County Sheriff's Department when a deputy arrived shortly thereafter. After the appellees developed further evidence, they turned their information over to the Laredo Police Department. Subsequently, at the suggestion of the Comal County Sheriff's Department and at the request of Webb County law enforcement officials, an employee of the appellees went to the justice of the peace court to sign a complaint prepared by

an unconditional payment by virtue of the statute.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

the clerk of that court. The clerk had prepared the complaint based upon information furnished by the Laredo Police Department. The incident of the recovery of the trailers was investigated by both Comal County and Webb County law enforcement officials. It was the exercise of their discretion to file the complaint and to issue the arrest warrants.

The appellees' contended in their Motion for Summary judgment that at least one of the necessary elements for Zess' cause of action did not exist as a matter of law. One of those elements is that the defendants lacked probable cause in bringing about the proceeding.

■ "A prosecuting party who files a criminal complaint does so upon probable cause where, in good faith, he makes a full and fair disclosure of the facts and circumstances known to him at the time." *Coniglio v. Snyder*, 756 S.W.2d 743, 744 (Tex.App.—Corpus Christi 1988, writ denied). Consequently, if a person fairly discloses information to a prosecuting attorney, in good faith, the lack of probable cause does not exist. *Id.* Probable cause is a state of mind in which the facts are regarded from the point of view of the prosecuting party. *Id.* "The question is not what the actual facts were, but what [the prosecuting party] honestly believed them to be." *Id.*

■ Based upon the facts as we have outlined them above, we hold that the summary judgment evidence establishes as a matter of law that the required element of the lack of probable cause does not exist.

Zess contends that the appellees did not have probable cause because they misled authorities as to the fact that he was never in possession of the trailers, as to who was the proper owner of the trailers, and as to the value of the trailers. He also urges that if a certain trailer use agreement is valid, then the appellees could not have had probable cause. Finally, he urges that there was a lack of probable cause because the appellees failed to relate to authorities that P.A.M. Transport, Inc. owed money to Yates.

The facts as we have outlined them are the facts as they relate to Zess's possession of the trailers. We fail to see in the record anywhere that the appellees misled the authorities with respect to the extent of Zess's possession.

■ Zess's argument concerning ownership as alleged in the complaint is based upon the presupposition that the evidence in a criminal case must establish that the party alleged as owner is the legal owner of the property. However, the term "owner" is defined by section 1.07(a)(35) of the Texas Penal Code as "a person who: (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor...." TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon 1994). Consequently, the evidence in a prosecution for theft is sufficient if it shows that the party alleged as owner fits any one of those criteria. *See Inman v. State*, 650 S.W.2d 417, 419 (Tex. Crim.App.1983); *Dobbs v. State*, 674 S.W.2d 932, 933–34 (Tex.App.—Fort Worth 1984, no pet.).

Zess's complaint concerning the value of the trailers goes to the level of criminal prosecution pursued, not a question of probable cause as to the bringing of criminal charges at all.

Zess insists that since Yates was in possession of a "Trailer Use Agreement" there could be no probable cause. The summary judgment evidence reflects numerous reasons why the appellees believed that the Trailer Use Agreement was invalid. There is no indication or allegation by Zess that the appellees failed to disclose anything to the authorities concerning the Trailer Use Agreement. We hold that under these circumstances the Trailer Use Agreement did not defeat appellees' contention that the summary judgment evidence established as a matter of law that the appellees had probable cause in connection with the criminal charges brought against Zess.

Finally, Zess urges that there is a lack of probable cause because the appellees failed to disclose to the authorities that P.A.M. Transport, Inc. owed money to Yates. While he alleges that this was material information, he fails to relate why it is material to the

issue of Zess's involvement in the theft of the appellees' trailers.

Inasmuch as we find that the summary judgment evidence is sufficient to support the trial court's granting of the motion on the basis that the appellees had probable cause in connection with the criminal charges brought against Zess, we also find that it supports the trial court's granting of the motion on the basis that the appellees were without malice in connection with the bringing of criminal charges against Zess.

In view of our determination that the trial court's granting of the appellees' motion for summary judgment is justified based upon the showing of the lack of these two essential elements of Zess's cause of action, we need not discuss the remaining bases of the appellees' motion. We overrule Zess's point of error.

The judgment is affirmed.