NUMBER 13-99-507-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KENT BARNES
, Appellant,


v.



STOP-N-GO MARKETS OF TEXAS, INC.
, Appellee.

___________________________________________________________________


On appeal from the County Civil Court at Law No. 2 


of Harris County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 This is an appeal from a summary judgment granted for Stop-N-Go Markets of
Texas, Inc. ("Stop-N-Go"), appellee, and against Kent Barnes, appellant, on his claim
of malicious prosecution. By three issues, Barnes argues the trial court erred in
granting summary judgment because he raised genuine issues of material fact with
regard to whether Stop-N-Go: (1) procured his criminal prosecution; (2) had probable
cause to criminally prosecute him; and (3) acted with malice in its criminal prosecution
of him.

 At the outset, we consider our standard of review. Summary judgment is
proper if the summary judgment record shows that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c). The movant for summary judgment bears the burden of proving these
matters. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49
(Tex. 1985). In deciding whether there is a disputed issue of material fact which
would preclude summary judgment, we take all admissible evidence favorable to the
non-movant as true, indulge every reasonable inference in favor of the non-movant,
and resolve all doubts in the non-movant's favor. Id. In order to demonstrate that the
plaintiff has no cause of action, it is not necessary that the defendant disprove all
elements of the plaintiff's claim. If a defendant can disprove any one of the essential
elements of the plaintiff's cause of action, the trial court should render summary
judgment in the defendant's favor. Science Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997). 

 In his original petition, Barnes brings a claim only for malicious prosecution. It
is widely accepted now that Texas law discourages actions for malicious prosecution
because such actions stand in contravention of the public policy which favors the
reporting of crimes. See Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 291
(Tex. 1994); Thrift v. Hubbard, 974 S.W.2d 70, 77 (Tex. App.--San Antonio 1998,
pet. denied); Digby v. Texas Bank, 943 S.W.2d 914, 918 (Tex. App.--El Paso 1997,
pet. denied); Diamond Shamrock Corp. v. Ortiz, 753 S.W.2d 238, 241 (Tex. App.--Corpus Christi 1988, writ denied). As with any other cause of action, if the elements
of malicious prosecution are proved, liability is established. Lieck, 881 S.W.2d at 291. 
Still, the supreme court has noted that what is 

 distinctive about malicious prosecution is that there is little room for error
in applying the law. Even a small departure from the exact prerequisites
for liability may threaten the delicate balance between protecting against
wrongful prosecution and encouraging the reporting of criminal conduct.


Id. Thus we must stringently enforce five requirements for recovery under a malicious 
prosecution claim: (1) procurement of a criminal prosecution; (2) with malice; (3)
without probable cause; (4) the prosecution ended in acquittal; and (5) damaging the
plaintiff. Digby, 943 S.W.2d at 919; Coniglio v. Snyder, 756 S.W.2d 743, 744 (Tex.
App.--Corpus Christi 1988, writ denied). 

 With this standard in mind, we now consider the summary judgment evidence
presented to the trial court. 

 The record reflects that Barnes was accused of theft at a Stop-N-Go store on
February 6, 1996. Officer Cumbess of the Houston Police Department was dispatched
to the store and conducted an investigation. He filed a report. The report was
followed-up by a subsequent investigation by Officer J.R. Bollom. Officer Bollom
contacted the manager of the Stop-N-Go store, who said that the store did not wish
to file charges. 

 Barnes was again accused of theft on February 27, 1996. At that time, the
store clerk, Howard Lanier, told police officers that Barnes had twice stolen
merchandise from the store. Officer D.J. Hibert took Lanier's complaint, then went
to Barnes's home. Barnes denied that he had stolen anything from the store. 
Nevertheless, the next day, Officer Hibert spoke to a city prosecutor, who advised him
that a Class C citation could be issued to Barnes for the theft. Officer Hibert
completed an affidavit of personal belief, which he attached to the citation. At the
same time, Hibert apparently also sent a citation for the February 6 incident. 
Subsequently, by mail from the Houston Police Department, Barnes received two
citations for theft. 

 The record indicates that the cases were set for trial, but were dismissed by the
court on June 23, 1997. 

 Barnes then filed this action for malicious prosecution related only to the
February 6, 1996, incident. Stop-N-Go answered and filed a subsequent motion for
summary judgment in which it argued that: (1) it "did not 'procure' a criminal
prosecution" of Barnes; (2) the prosecution of Barnes "was not without probable
cause;" and (3) there was no evidence of malice. Stop-N-Go attached the police
report regarding these incidents to its motion for summary judgment. Barnes filed a
response to the motion for summary judgment. 

 The trial court granted the motion for summary judgment.

 By his first issue, Barnes contends that he raised a genuine issue of material fact
as to whether Stop-N-Go procured a criminal prosecution against him. Courts have
developed various definitional thresholds for each element of a malicious prosecution
claim. In Lieck, the supreme court defined "procurement":

 A person procures a criminal prosecution if his actions were enough to
cause the prosecution, and but for his actions the prosecution would not
have occurred. A person does not procure a criminal prosecution when
the decision whether to prosecute is left to the discretion of another,
including a law enforcement official or the grand jury, unless the person
provides information which he knows is false. 


Lieck, 881 S.W.2d at 293. 

 The nexus of Barnes's argument on this issue is that there is a genuine issue of
fact regarding whether Lanier provided false information to the Houston Police
Department. By contrast, Stop-N-Go contends that it did not "procure" the criminal
prosecution because the decision whether to prosecute was left to the discretion of
the Houston Police Department and the Harris County District Attorney's Office. 

 Taking the summary judgment proof favorable to Barnes as true, we conclude
that the record demonstrates that, with regard to the February 6 incident, Stop-N-Go
unequivocally expressed its desire to not file charges against Barnes. Thus, the record
indicates that the ultimate decision to institute the criminal prosecution against Barnes
was made by the authorities, specifically Officer Hibert, and not Stop-N-Go. Based on
the holding in Lieck, Stop-N-Go did not procure Barnes's prosecution. We overrule
Barnes's first issue.


 Because Stop-N-Go has negated at least one element of Barnes's claim against
it, the trial court did not err in granting summary judgment for Stop-N-Go. The
judgment of the trial court is AFFIRMED.

 


 _________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of May, 2000.