

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-24-00761-CV

Rafael **CISNEROS** and Sofia Nanez,
Appellants

v.

Humberto **LEAL**, Yvonne Leal, and Samuel Rene Ramos,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK001182D1
Honorable Joe Lopez, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: March 11, 2026

REVERSED AND REMANDED

This case involves the question of whether Texas recognizes a claim for social host liability for adults who make alcohol available to minors in their home. After reviewing the record and the parties' briefing and considering oral argument, we hold Texas does recognize a cause of action for damages proximately caused by a minor's intoxication when an adult knowingly allows a minor to be served alcohol in their home. Accordingly, we reverse the trial court's order granting

appellees' motions for summary judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

Jesus Lerma Montemayor, a minor, died on September 10, 2021 after he got into a car accident while driving with Rafael Cisneros and other minor passengers in his car. Cisneros suffered serious injuries and his arm was amputated. Cisneros and his mother Sofia Nanez sued four adult individuals for damages under Texas Alcoholic Beverage Code subsection 2.02(c), alleging (1) the four adults had knowingly allowed alcohol to be provided at their homes to minors including the driver Lerma and (2) the minors' intoxication proximately caused injuries and other damages to Cisneros and Nanez. *See* TEX. ALCO. BEV. CODE § 2.02(c).

In their first amended petition, Cisneros and Nanez allege that before the car accident, the driver Lerma had been consuming alcoholic beverages with another minor, Faaron Garcia, at the adult Juan Jose Garcia's home. They allege that Lerma and Faaron Garcia next met at the home of the adults Humberto and Yvonne Leal, where they again imbibed. According to Cisneros and Nanez, Lerma then arrived at the home of the adult Samuel Rene Ramos to meet the minor Derek Lee Ramos. The petition alleges Samuel Rene Ramos hosted a party which also included alcohol. The minors allegedly became intoxicated and later got into the car accident.

Cisneros and Nanez sued all of the aforementioned adult parents: Juan Jose Garcia, Humberto and Yvonne Leal, and Samuel Rene Ramos. The Leals filed a traditional motion for summary judgment, as did Ramos. Cisneros and Nanez filed a response in opposition to the motions and a hearing was held. The trial court then granted the motions for summary judgment,

dismissing appellants' claims against the Leals and Ramos.[1] No depositions were taken prior to the trial court's ruling. Cisneros and Nanez timely appealed.

First, Cisneros and Nanez argue that social hosts can be liable for damages proximately caused by the intoxication of a minor if they knowingly allowed minors to be provided with alcohol in their home, an issue of first impression. *See* TEX. ALCO. BEV. CODE § 2.02(c). Second, Cisneros and Nanez argue that the movant-appellees did not meet their burden to demonstrate that there is no genuine issue of material fact as to one or more essential element of Cisneros and Nanez's claims.

## I.    WHETHER APPELLANTS' SOCIAL-HOST LIABILITY CLAIMS ARE RECOGNIZED IN TEXAS

Ramos argues that Texas does not recognize such a civil cause of action, citing *Reeder v. Daniel*, 61 S.W.3d 359, 365 (Tex. 2001), and that Texas Alcoholic Beverage Code section 2.02(c), enacted after *Reeder*, does not create such a claim. While the Leals state that section 2.02 "ostensibly" affords such a cause of action, they note that there are no appellate decisions applying or interpreting the statute. We note that it is generally accepted by scholars that subsection 2.02(c) does create social-host liability in the context of a minor's intoxication.[2] But the Leals are correct that no Texas appellate court has interpreted or applied the subsection since its enactment in 2005.

Before the addition of subsection 2.02(c), the Texas Supreme Court explicitly deferred to the Legislature when it declined to recognize social-host liability in Texas, concluding the Texas Alcoholic Beverage Code "precludes us from recognizing a social-host civil cause of action for

---

[1] Juan Jose Garcia is not a party to this appeal. The trial court severed the claims at issue in this appeal, i.e. appellants' claims against the Leals and Ramos, into a new cause. Also, all third-party claims were dismissed. Therefore, the trial court's order granting the Leals and Ramos's motions for summary judgment is a final, appealable order.

[2] *See, e.g.,* Elizabeth A. Ryan, *"Can I Start You Off with Some Drinks?": An Analysis of Commercial Alcohol Provider Liability in Texas*, 39 Tex. Tech L. Rev. 45, 49–50 (2006); Daniel D. Horowitz III et. al., *Can Friends Still Let Friends Drive Drunk? A Look at Social-host liability in Texas*, 76 Tex. B.J. 419, 421–22 (2013); Wayne Schiess, *Graphics in Briefs: Why Not?*, 92 The Advoc. (Texas) 8, 13 (2020).

making alcohol available to guests under age eighteen." *Reeder*, 61 S.W.3d at 360–61; *see also*
*Graff v. Beard*, 858 S.W.2d 918 (Tex. 1993) (holding no social-host liability for serving intoxicated adult guests); *Smith v. Merritt*, 940 S.W.2d 602, 605 (Tex. 1996) (holding no social-host liability for serving guests from ages eighteen to twenty). The *Reeder* court also recognized that in originally enacting Chapter 2, known as the Dram Shop Act, the Legislature had taken "comprehensive action" in regulating alcoholic beverage consumption" and "declined to include social hosts in the Dram Shop Act's civil liability scheme." *Id.* at 364–65.

But, after these decisions, in 2005, the Texas Legislature passed House Bill 2868, entitled "Civil Liability for Provision of Alcohol to a Minor," which took effect September 1, 2005. *See* 79th Leg., R.S., ch. 643, § 1, 2005 (codified at TEX. ALCO. BEV. CODE § 2.02(c)). The bill amended section 2.02 by creating the new subsection (c). Section 2.02, entitled "Causes of Action," states in full:

> (a) This chapter does not affect the right of any person to bring a common law cause of action against any individual whose consumption of an alcoholic beverage allegedly resulted in causing the person bringing the suit to suffer personal injury or property damage.
>
> (b) Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under Section 6.01(b) of this code upon proof that:
>
> > (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and
> >
> > (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.
>
> (c) An adult 21 years of age or older is liable for damages proximately caused by the intoxication of a minor under the age of 18 if:
>
> > (1) the adult is not:
> >
> > > (A) the minor's parent, guardian, or spouse; or
> > >
> > > (B) an adult in whose custody the minor has been committed by a court; and

(2) the adult knowingly:

> (A) served or provided to the minor any of the alcoholic beverages that contributed to the minor's intoxication; or

> (B) allowed the minor to be served or provided any of the alcoholic beverages that contributed to the minor's intoxication on the premises owned or leased by the adult.

TEX. ALCO. BEV. CODE § 2.02.

We begin with the statute's text because it is the best indication of the Legislature's intent. *See Fresh Coat, Inc. v. K–2, Inc.*, 318 S.W.3d 893, 901 (Tex. 2010). "A fundamental constraint on the courts' role in statutory interpretation is that the Legislature enacts the laws of the state and the courts must find their intent in that language and not elsewhere." *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 493 (Tex. 2013). Only where the plain meaning is ambiguous or would lead to an absurd result will we go beyond the statute itself. *See Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019).

We apply a de novo standard of review when analyzing the construction of a statute. *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 571 (Tex. App.—Fort Worth 2019, pet. denied); *see ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). Further, "[w]e [] presume that the legislature chose a statute's language with care, intentionally including each word chosen, and omitting words purposefully." *Harris Cnty. Appraisal Dist. v. IQ Life Scis. Corp.*, 612 S.W.3d 93, 97 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). In so doing, we "must consider the act as a whole and not just as single phrases, clauses, or sentences." *Id.*; *see Fredericksburg Care Co. v. Perez*, 461 S.W.3d 513, 520 (Tex. 2015). We also must give effect to each provision of a statute so that none is rendered meaningless or mere surplusage. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016).

Applying these rules, we recognize that the plain language of subsection 2.02(c) makes clear that Texas recognizes a potential social-host liability claim for damages against adults who

knowingly allow minors to be provided with alcohol. Subsection 2.02(c) is not limited to commercial contexts and, by its terms, applies when any adult allows alcohol to be provided in their home. *See* TEX. ALCO. BEV. CODE § 2.02(c)(2)(b) (stating an adult can be liable for damages if the adult "allowed the minor to be served or provided any of the alcoholic beverages that contributed to the minor's intoxication *on the premises owned or leased by the adult*.") (emphasis added).

The broader statutory context reinforces the subsection's plain meaning. *See IQ Life Scis. Corp.*, 612 S.W.3d at 97 (stating we "must consider the act as a whole and not just as single phrases, clauses, or sentences"); *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) ("Words that in isolation are amenable to two textually permissible interpretations are often not ambiguous in context."). Nothing in subsection 2.02(c) limits liability to "providers" of alcohol, which by statute are only those who "sell[] or serve[] an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sell[] an alcoholic beverage to an individual." TEX. ALCO. BEV. CODE § 2.01(1). Instead, under subsection 2.02(c) *any* "adult 21 years of age or older" can be liable if they "served," "provided," or "allowed the minor to be served or provided." *Id.* § 2.02(c); *see IQ Life Scis. Corp.*, 612 S.W.3d at 97. Further, while subsection 2.02(b) uses the word "provided," section 2.01(2) of the same Code explains that "provision" includes, *but is not limited to*, the sale or service of an alcoholic beverage. TEX. ALCO. BEV. CODE §§ 2.01, 2.02 (emphasis added). And, notably, subsection 2.02(c) does not include the word "sold" or any variation thereof, as it does when referring to licensed providers' liability in subsection 2.02(b). TEX. ALCO. BEV. CODE § 2.02. We must presume the Legislature omitted the word "sold" purposefully, creating a separate section for those persons who are not licensed

providers but who knowingly make alcohol available to minors in their home. *See IQ Life Scis. Corp.*, 612 S.W.3d at 97.

While this supports our construction of the statute, we can go on. Specifically, the subsection's exclusion of adults who are "the minor's parent, guardian, or spouse" would be meaningless or absurd if only commercial providers could be liable under subsection 2.02(c). Given that meaning, the statute would—for some unknown reason—be focused on excluding from liability those commercial providers who chose to serve their own child as a patron at their establishment. That would be a uniquely niche focus for the Texas Legislature. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 199 (Tex. 2007) (stating "we should not interpret one portion of a statute so as to render another portion of the statute meaningless") (citing TEX. GOV'T CODE § 311.021); *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 844 (Tex. 2018) ("We interpret statutes according to the language the Legislature used . . . unless the plain meaning yields absurd or nonsensical results."); *Martin*, 498 S.W.3d at 74.

Furthermore, Subsection 2.02(b) describes actions of a commercial alcohol provider that "may be made the basis of a revocation proceeding under Section 6.01(b)[.]" TEX. ALCO. BEV. CODE § 2.02(b). In contrast, subsection 2.02(c) does not state that liable adults may be subject to such a revocation proceeding. *Id.* § 2.02(c). These revocation proceedings are for commercial providers of alcohol. *See id.* § 6.01(b). We must presume the Legislature intentionally omitted the possibility of revocation proceedings for those liable under subsection 2.02(c) because that provision is not focused on licensed providers. *See IQ Life Scis. Corp.*, 612 S.W.3d at 97.

We also note that the Alcoholic Beverage Code does not merely regulate commercial providers of alcohol. For instance, it creates a criminal offense for any "person" who "purchases an alcoholic beverage for or gives an alcoholic beverage to a minor." *See* TEX. ALCO. BEV. CODE

§106.03. And, rather than limiting itself to the regulation of licensed alcohol providers, the Code states, "This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state. It shall be liberally construed to accomplish this purpose." TEX. ALCO. BEV. CODE §1.03.

Finally, the addition of subsection 2.02(c) would be largely meaningless and superfluous if the subsection only imposed liability on commercial providers, since commercial providers are already liable for injuries caused by serving or providing alcohol to "obviously intoxicated" minors under subsection 2.02(b). And, elsewhere the Code already imposes stiff consequences and penalties on commercial providers who provide alcohol to minors. *See id.* §§ 2.02(b), 106.06, 106.03, & 106.13; *Risner v. Harris Cty. Republican Party*, 444 S.W.3d 327, 343 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[W]hen interpreting an amendment to a statute, we presume that the legislature intends to change the law.").

After the *Reeder* court explained that it is the Legislature's role to create social-host liability for adults who make alcohol available to minors, the Legislature appears to have answered the call by enacting subsection 2.02(c) to create such liability. *See* 61 S.W.3d at 360–61; *Brown v. City of Houston*, 660 S.W.3d 749, 755 (Tex. 2023) ("[S]tatutory history—the statutes repealed or amended by the statute under consideration"—is relevant to statutory interpretation because this history "form[s] part of the context of the statute[.]"); *see also Am. Pearl Group, L.L.C. v. Nat'l Payment Sys., L.L.C.*, 715 S.W.3d 383, 388 (Tex. 2025), reh'g dismissed (July 11, 2025) (distinguishing statutory history from legislative history).

We conclude the statute's plain meaning is unambiguous and controls. Social hosts can be liable under subsection 2.02(c) for damages proximately caused by the intoxication of a minor when they knowingly serve, provide, or allow a minor to be served or provided alcoholic beverages

on premises leased or owned by the host. *See Silguero*, 579 S.W.3d at 59. Because Cisneros and Nanez's claims against appellees are enforceable causes of action, we sustain Cisneros and Nanez's first issue. We must next determine whether fact issues preclude summary judgment here.

## II.  TRADITIONAL SUMMARY JUDGMENT

Having recognized the claims asserted, we must turn to whether the movant-appellees met their burden for a traditional summary judgment. Cisneros and Nanez argue the trial court erred in granting the motions for summary judgment because the Leals and Ramos did not meet their burden to demonstrate that there is no genuine issue of material fact as to one or more essential element of Cisneros and Nanez's claims. Specifically, appellants argue there is a question of fact as to (1) whether the Leals and Ramos allowed alcohol to be provided to the minors; and (2) whether the minor Lerma's intoxication proximately caused Cisneros and Nanez's damages.

### A.  Standard of Review

The grant of summary judgment is reviewed de novo. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curium). In our de novo review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019) (citation omitted). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). "Texas law recognizes summary judgment to be a harsh remedy requiring strict construction." *UpCurve Energy Partners, LLC v. Muench*, 661 S.W.3d 907, 918 (Tex. App.—El Paso 2023, no pet.).

To prevail on a traditional motion for summary judgment, the movant has the burden to demonstrate that there is no genuine issue of material fact as to one or more essential element of the plaintiff's cause of action and that he is entitled to judgment as a matter of law. *Provident Life*

*& Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (analyzing TEX. R. CIV. P. 166a(c)). In other words, the movant must "conclusively establish[] that at least one element of plaintiff's cause of action does not exist." *Zess v. Funke*, 956 S.W.2d 92, 93 (Tex. App.—San Antonio 1997, no writ).

For traditional summary judgment motions, courts "never shift the burden of proof to the non-movant unless and until the movant has establish[ed] his entitlement to a summary judgment . . . by conclusively proving all essential elements of his cause of action or defense as a matter of law." *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021) (quoting *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)) (internal quotation marks omitted). "[T]he non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Id.* (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

"The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence." *Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815, 826 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007)).

## B. Provision of Alcohol to the Minors

The only relevant summary judgment evidence is the parties' competing affidavits.[3] Ramos, Humberto Leal, and Yvonne Leal all filed affidavits stating that they "did not authorize

---

[3] Competing affidavits can create a genuine issue of material fact precluding summary judgment. *See, e.g., Reyes v. De Alba*, No. 13-16-00620-CV, 2018 WL 5289541, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 25, 2018, no pet.); *Massey v. Royall*, No. 14-00-00177-CV, 2001 WL 1136025, at *4 (Tex. App.—Houston [14th Dist.] Sept. 27, 2001, pet. denied); *Dawkins v. First Am. Title Co., LLC*, No. 07-12-00437-CV, 2014 WL 4536288, at *4 (Tex. App.—Amarillo Sept. 11, 2014, no pet.); *Wheeler v. Yettie Kersting Mem'l Hosp.*, 866 S.W.2d 32, 49 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also Morse v. Black*, No. 03-08-00785-CV, 2009 WL 2476686, at *3 (Tex. App.—Austin Aug. 12, 2009, no pet.). But, we need not address the issue of whether the nonmovants' affidavits did so here, for the reasons set forth herein.

anyone to give" alcohol to Cisneros, Lerma, or Eric Bryan Heard (the minor driver of the other vehicle involved in the accident). All three appellees' affidavits also assert that they did not "invite" Cisneros, Lerma, or Heard to their homes. Humberto and Yvonne Leal's affidavits further state: "When I found out that uninvited persons arrived at my house on the night before the alleged incident for which I am being sued, my [spouse] and I had those persons removed from my property." Ramos also testified by affidavit that he did not "provide" alcohol to Cisneros, Lerma, or Heard.

The Leals and Ramos argued to the trial court that Cisneros and Nanez's affidavits to the contrary were merely conclusory and failed to show a basis for personal knowledge, rendering the affidavits insufficient to controvert the Leals' and Ramos's affidavits. They argue that there is therefore no genuine fact issue as to whether the elements of subsection 2.02(c)(2) are satisfied, and summary judgment was proper. However, the Leals and Ramos filed traditional motions for summary judgment, and they first bear the burden to show there is no issue of material fact. *See Knott*, 128 S.W.3d at 216. The burden of proof "never" shifts to the nonmovant "unless and until the movant has establish[ed] his entitlement to a summary judgment . . . by conclusively proving all essential elements of his cause of action or defense as a matter of law." *Draughon*, 631 S.W.3d at 87–88 (quoting *Casso*, 776 S.W.2d at 556) (internal quotation marks omitted). "[T]he non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Id.* (quoting *Clear Creek Basin Auth.*, 589 S.W.2d at 678). Therefore, we need not analyze whether Cisneros and Nanez's affidavits were deficient unless we conclude that the Leals and Ramos's affidavits conclusively establish they did not knowingly provide alcohol to the minors or allow them to be provided alcohol. *See id.*; TEX. ALCO. BEV. CODE § 2.02(c)(2); TEX. R. APP. P. 47.1. As explained below, we do not so conclude.

Whereas the statute states an adult can be liable if the adult "*allowed* the minor to be served or provided" alcohol, *see* TEX. ALCO. BEV. CODE § 2.02(c)(2) (emphasis added), all three appellees' affidavits merely assert that they "did not *authorize* anyone to give" alcohol to the minors. Chapter 2 of the Texas Alcoholic Beverage Code does not define "allowed." But, when giving that term its common, ordinary meaning, we must conclude the affidavits fail to address this aspect of the statute. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (when interpreting a statute, undefined terms are given their ordinary meaning unless the statute clearly indicates otherwise).

To determine a term's common, ordinary meaning, we may look to "a wide variety of sources, including dictionary definitions . . . ." *Id.* Dictionaries consistently define "allow" to include passive acquiescence. *See, e.g., Allow*, Merriam-Webster, https://www.merriam-webster.com/dictionary/allow (last visited February 12, 2026) ("to fail to restrain or prevent"); *Allow*, Black's Law Dictionary (12th ed. 2024), available at Westlaw ("To put no obstacle in the way of; to suffer to exist or occur; to tolerate"). In contrast, dictionaries consistently define "authorize" as an active approval. *See, e.g., Authorize*, Merriam-Webster, https://www.merriam-webster.com/dictionary/authorize (last visited February 12, 2026) ("to endorse, empower, justify, or permit by or as if by some recognized or proper authority"); *Authorize*, Black's Law Dictionary (12th ed. 2024), available at Westlaw ("To formally approve; to sanction").

Thus, even though the movant-appellees' affidavits allege that they did not *authorize* anyone to give alcohol to the driver Lerma or the other minors, their affidavits do not conclusively establish that they did not *allow* the minors to be provided alcohol. *See* TEX. ALCO. BEV. CODE § 2.02(c)(2); *Draughon*, 631 S.W.3d at 87–88. To be liable under subsection 2.02(c), an adult need not give a verbal approval, a thumbs up, or even a nod. If he knows minors are drinking alcohol

on his property, and passively tolerates it, he can be liable for resulting damages. *See id.* § 2.02(c). Likewise, an adult can be liable under subsection 2.02(c) even if the adult does not personally invite the specific drinking minors to their homes, as long as the adult knowingly acquiesces to the consumption of alcohol by the minors at their home. *See id.* Therefore, appellees' testimony by affidavit that they did not invite Cisneros, Lerma, or Heard to their homes does not foreclose liability under subsection 2.02(c).

Finally, the assertion in the Leals's affidavits that they had "uninvited persons" removed from their property does not conclusively establish that they did not allow the minors in question to be provided alcohol at their home that night. The affidavits do not clearly articulate which "persons" were allegedly removed. They do not specifically assert whether Cisneros, Lerma, and/or Heard were present in their home, how long they were present, whether they were the ones ultimately removed, and whether they had been allowed to drink prior to being removed.

The Leals's unclear, indirect, and self-serving affidavits lack sufficient factual support to conclusively negate liability. *See Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) ("A self-serving affidavit from an interested party must be clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and readily controvertible to support summary judgment."); *NB 2021 GP, LLC v. FM 725 LLC*, No. 04-23-00117-CV, 2024 WL 2947274, at *6 (Tex. App.—San Antonio June 12, 2024, no pet.) ("An affidavit that states only legal or factual conclusions without providing factual support is not proper summary-judgment evidence because it is not credible or susceptible to being readily controverted.").

Taking as true all evidence favorable to the nonmovants, indulging every reasonable inference and resolving any doubts in the nonmovants' favor, we cannot find that the Leals and Ramos met their burden on their traditional motions for summary judgment and, accordingly, we

sustain Cisneros and Nanez's second issue. *See KMS Retail*, 593 S.W.3d at 181; *Mack Trucks*, 206 S.W.3d at 582; *Draughon*, 631 S.W.3d at 87–88.

## C. Proximate Causation

Subsection 2.02(c) states that an adult can be liable only for those damages proximately caused by the intoxication of a minor under the age of eighteen. TEX. ALCO. BEV. CODE § 2.02(c). In their third issue, Cisneros and Nanez argue the trial court erred in granting the motions for summary judgment because there is a fact issue as to whether the minor Lerma's intoxication proximately caused Cisneros and Nanez's damages. The Leals and Ramos counter that there is no fact issue regarding proximate causation because Heard, the minor driver of the other vehicle in the accident, was intoxicated,[4] making his negligence and intoxication a new, intervening, and independent cause of appellants' injuries as a matter of law.

The Leals and Ramos point to the police report they attached to their summary judgment motions. The report states that both Lerma's and Heard's vehicles failed to control their speed. However, the report does not conclude that either driver was wholly at fault. Instead, the report contains the investigator's opinion scoring both drivers' vehicles with thirty-six contributing factors. The report gives Lerma's vehicle—"Unit 1"—a total contributing-factor score of 116, and it gives Heard's vehicle—"Unit 2"—a total score of 86. The report also states that one of the vehicles failed to drive in a single lane. The investigator's narrative identifies this vehicle as "Unit 2," but on the same page in the "Charges" section the report states that it was "Unit 1" that failed to drive in a single lane.

We must determine whether the Leals and Ramos met their burden to conclusively negate proximate causation.

---

[4] Heard had a blood alcohol content level of .091.

### 1. Applicable Law

"Proximate cause has two components: cause in fact and foreseeability." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019). Cause in fact is established by showing "the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred." *Bush v. Columbia Med. Ctr. of Arlington Subsidiary, L.P.*, 714 S.W.3d 536, 544 (Tex. 2025) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)) (internal quotation marks omitted). Foreseeability, on the other hand, requires "the actor [to] have reasonably anticipated the dangers that his negligent conduct created for others." *McKenzie*, 578 S.W.3d at 519. The danger that must be reasonably anticipated is only the "general danger, not the exact sequence of events that produced the harm[.]" *Id.*

The cause must be "unbroken by any new and independent cause." *Tex. Campaign for the Env't v. Partners Dewatering Int'l, LLC*, 485 S.W.3d 184, 197 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). A "superseding," or "new and independent" cause is not an affirmative defense, but instead, is an element to be considered by the jury in determining whether proximate causation exists. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97–98 n.6 (Tex. 2016). "A new and independent cause of an occurrence is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009); *see Stanfield*, 494 S.W.3d at 98 (explaining harm not reasonably foreseeable if "nothing short of prophetic ken could have anticipated the happening of the combination of events" (quoting *Tex. & P. Ry. Co. v. Bigham*, 90 Tex. 223, 38 S.W. 162, 164 (1896))). In contrast, a merely "concurring cause" is one that is reasonably foreseeable and "'concurs with the continuing and co-operating original negligence in working the injury,' leaving

the causal connection between the defendant's negligence and the plaintiff's harm intact." *Stanfield*, 494 S.W.3d at 98 (quoting *Gulf, C. & S.F. Ry. Co. v. Ballew*, 66 S.W.2d 659, 661 (Tex. Comm'n App. 1933, holding approved)). "Foreseeability is a highly fact-specific inquiry[.]" *Id.*

"With regard to foreseeability, we know by common knowledge that alcohol distorts perception, slows reaction, and impairs motor skills while operation of an automobile requires clear perception, quick reaction, and adept motor skills. The tragic relationship between intoxicated drivers and fatal accidents is unquestionable." *Dagley v. Thompson*, 156 S.W.3d 589, 592 (Tex. App.—Tyler 2003, pet. denied) (citation omitted). "Driver error is a commonly understood and foreseeable consequence of serving intoxicants to an already obviously intoxicated person." *Biaggi v. Patrizio Rest. Inc.*, 149 S.W.3d 300, 306 n.7 (Tex. App.—Dallas 2004, pet. denied). "'The risk and likelihood of injury from serving alcohol to an intoxicated person whom the licensee knows will probably drive a car is as readily foreseen as injury resulting from setting loose a live rattlesnake in a shopping mall.' If we substitute 'social host' for 'licensee,' the statement remains equally true." *Graff v. Beard*, 858 S.W.2d 918, 922 (Tex. 1993) (Gammage, J., dissenting) (quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987).[5]

### 2. Application

Taking as true all evidence favorable to the nonmovants, indulging every reasonable inference and resolving any doubts in the nonmovants' favor, and disregarding contrary evidence unless reasonable jurors could not, we hold that the Leals and Ramos did not meet their burden to conclusively establish the absence of cause in fact and foreseeability here. *See KMS Retail*, 593

---

[5] Furthermore, apportionment of responsibility, under the Proportionate Responsibility Act, applies to claims under Chapter 2 of the Texas Alcoholic Beverage Code. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 689 (Tex. 2007) (citing Tex. Civ. Prac. & Rem. Code §§ 33.013(a), (b)(1)). Therefore, as with ordinary negligence claims following a car accident, in claims under the Chapter 2, the negligence of an actor other than the defendant does not automatically preclude proximate causation nor otherwise bar a plaintiff's recovery. *See Gonzalez v. Sanchez*, 717 S.W.3d 516, 529 (Tex. App.—Eastland 2025, no pet.) (citing *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 209–10 (Tex. 2015)).

S.W.3d at 181; *Mack Trucks*, 206 S.W.3d at 582. A reasonable juror could conclude that Lerma's intoxication was a substantial factor in bringing about the accident, and that without the alcohol the accident would not have occurred. *See Bush*, 714 S.W.3d at 544. And a reasonable person would have foreseen the general danger that allowing minors to drink alcohol can lead to a car accident. *See McKenzie*, 578 S.W.3d at 519. Furthermore, based on the police report, the Leals and Ramos have also not conclusively shown that the other driver Heard's negligence or intoxication constituted a new and independent cause precluding liability. *See Hawley*, 284 S.W.3d at 856. Instead, that is a fact question for the jury. *See Draughon*, 631 S.W.3d at 87–88.

Because the Leals and Ramos did not meet their burden to conclusively negate proximate causation, we conclude the trial court erred by granting their motions for summary judgment. We sustain Cisneros and Nanez's third issue.

## CONCLUSION

Based on the foregoing, we reverse the trial court's summary judgment and remand the cause for further proceedings consistent with this opinion.

Lori Massey Brissette, Justice